Crosby S. Connolly (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

*Attorneys for Plaintiff,*
Dawn Zoerb

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dawn Zoerb, Individually and On Behalf of Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>National Collegiate Student Loan Trust 2006-3, A Delaware Statutory Trust(s); and, Law Offices of Patenaude & Felix, A.P.C.,<br><br>Defendants. | **Case No: 3:14-cv-00468-JLS-KSC**<br><br>**[CLASS ACTION]**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(B)(2) AND (B)(3)**<br><br>**DATE: MAY 8, 2014**<br>**TIME: 1:30 PM**<br>**COURTROOM: 4A** |

HYDE & SWIGART
Phoenix, Arizona

# Table Of Contents

I.   Introduction ................................................................................................2

II.  Procedural Background ..............................................................................2

III. Factual Basis for Class Certification .........................................................3

IV.  The Rosenthal Act and FDCPA .................................................................3

V.   Rule 23 Standards and Class Certification Analysis .................................4

    A. The Proposed Class of Persons Reported and Collected Upon by Defendant Is Adequately Defined and Clearly Ascertainable ...................................5

    B. Numerosity ..........................................................................................7

    C. Commonality .......................................................................................8

    D. Typicality ............................................................................................9

    E. Adequacy of Representation ..............................................................11

    F. Hybrid Class Certification Under Rules 23(b)(2) and (b)(3) Should Be Granted ..........12

       1. Rule 23(b)(2) .................................................................................12

       2. Rule 23(b)(3) .................................................................................13

    G. A Class Action is Superior To Numerous Individual Rosenthal Act/FDCPA Actions ....16

VI.  Conclusion..........................................................................................15, 16

HYDE & SWIGART
San Diego, California

1

**Table Of Authorities**

2

**Cases**

3

*Abels v. JBC Legal Group, P.C.,*

4

227 F.R.D. 541 (N.D. Cal. 2005) .................................................................6, 10, 13

5

*Amchem Prods., Inc. v. Windsor,*

6

521 U.S. 591 (1997) ...........................................................................................13

7

*Armstrong v. Davis,*

8

275 F.3d 849 (9th Cir. Cal. 2001) ...................................................................8, 10

9

*Califano v. Yamaki,*

10

442 U.S. 682 (1979) ............................................................................................4

11

*CE Design Ltd. v. Cy's Crabhouse North, Inc.,*

12

259 F.R.D. 135 (N.D. Ill. 2009) .........................................................................13

13

*Crown, Cork, & Seal Co., v. Parking,*

14

462 U.S. 345 (1983) ............................................................................................2

15

*Eisen v. Carlisle & Jacquelin,*

16

417 U.S. 156 (U.S. 1974) .....................................................................................5

17

*Elliot v. ITT Corp.,*

18

150 F.R.D. 569 (N.D. Ill. 1992) ...........................................................................5

19

*Ellis v. Costco Wholesale Corp.,*

20

285 F.R.D. 492 (N.D. Cal. Sept. 25, 2012) ...............................................5, 8, 14

21

*Ellis v. Costco Wholesale Corp.,*

22

657 F.3d 970 (9th Cir. 2011) ................................................................................5

23

*Franklin v. City of Chicago,*

24

102 F.R.D. 944 (N.D. Ill. 1984) ...........................................................................8

25

*General Telephone Co. of Southwest v Flacon,*

26

457 U.S. 147 (1982) ...........................................................................5, 8, 10, 13

27

*Genesis Healthcare Corp. v. Symczyk,*

28

133 S. Ct. 1523 (U.S. 2013) ...........................................................................2, 15

**HYDE & SWIGART**
San Diego, California

**Table Of Authorities**

**(continued)**

*G.M. Sign, Inc. v. Group C Communs., Inc.,*

   2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010)................................................10, 14, 15

*Hanlon v. Chrysler Corp.,*

   150 F.3d 1011 (9th Cir. Cal. 1988)..............................................................8, 11, 13, 15

*Hanon v. Dataproducts Corp.,*

   976 F.2d 497 (9th Cir. 1992) ......................................................................4, 10, 11

*Harris v. Circuit City Stores, Inc.,*

   2008 U.S. Dist. LEXIS 12596 (N.D. Ill. Feb. 7, 2008).........................................................10

*Holtzman v. Turza,*

   2009 U.S. Dist. LEXIS 95620 (N.D. Ill. Oct. 14, 2009)........................................................10

*In re Adobe Sys., Inc. Sec. Litig.,*

   139 F.R.D. 150 (N.D. Cal. 1991) ......................................................................4

*LaDuke v. Nelson,*

   762 F.2d 1318 (9th Cir. 1985) ........................................................................8

*Lee v. Stonebridge Life Ins. Co.,*

   2013 U.S. Dist. LEXIS 19774 (N.D. Cal. Feb. 12, 2013)......................................................5, 14

*McKenzie v. Fed. Express Corp.,*

   275 F.R.D. 290 (C.D. Cal. 2011)........................................................................5

*Mendoza v. Home Depot, U.S.A., Inc,*

   2010 U.S. Dist. LEXIS 13025 (C.D. Cal. Jan. 21, 2010) .......................................................7

HYDE & SWIGART
San Diego, California

**Table Of Authorities**

**(continued)**

*Messner v. Northshore Univ. HealthSystem,*

669 F.3d 802 (7th Cir. Ill. 2012)...................................................................13

*Moore v. PaineWebber, Inc.,*

306 F.3d 1247 (2d Cir. N.Y. 2002)...........................................................6, 14

*Moreno v. Autozone, Inc.,*

251 F.R.D. 417 (N.D. Cal. 2008).................................................................6

*Montgomery v. Rumsfield,*

572 F.2d 250 (9th Cir. 1978).......................................................................4

*Murray v. GMAC Mortgage Corp.,*

434 F.3d 948 (7th Cir. 2006).....................................................................15

*Negrete v. Allianz Life Ins. Co. of N. Am.,*

238 F.R.D. 482 (C.D. Cal. 2006)................................................................7

*Santillan v. Ashcroft,*

No. C 04-2686 MHP, U.S. Dist. LEXIS 20824 (N.D. Cal. Oct. 12, 2004)...........6

*Schwartz v. Upper Deck Co.,*

183 F.R.D. 672 (S.D. Cal. 1999)................................................................5

*Shaw v. BAC Home Loans Servicing, LP,*

2011 U.S. Dist. LEXIS 149416 (S.D. Cal. Dec. 29, 2011).............................5

*Spencer v. Beavex, Inc.,*

2006 U.S. Dist. LEXIS 98565 S.D. Cal. Dec. 15, 2006).................................7

*Sullivan v. Kelly Servs.,*

268 F.R.D. 356 (N.D. Cal. 2010)................................................................7

*Swanson v. Mid Am., Inc.,*

2013 U.S. Dist. LEXIS 19774 (N.D. Cal. Feb. 12, 2013)...............................9

**Table Of Authorities**

**(continued)**

*Thompson v. Clear Channel Communs., Inc. (In re Live Concert Antitrust Litig.),*

247 F.R.D. 98 (C.D. Cal. 2007) .......................................................................4

*Valentino v. Carter-Wallace, Inc.,*

97 F.3d 1227 (9th Cir. 1996) ...............................................................13, 14

*Wal-Mart Stores, Inc. v. Dukes,*

131 S. Ct. 2541 (U.S. 2011) ...........................................................................5, 8

*Wang v. Chinese Daily News, Inc.,*

231 F.R.D. 602 (C.D. Cal. 2005) ...............................................................7

*Westways World Travel, Inc. v. AMR Corp.,*

218 F.R.D. 223 (C.D. Cal. 2003) ................................................................15

*Wolin v. Jaguar Land Rover N. Am., LLC,*

617 F.3d 1168 (9th Cir. 2010) ....................................................................13

*Wolph v. Acer America Corp.,*

272 F.R.D. 477 (N.D. Cal. 2011) .................................................................5

*Yoshioka v. Charles Schwab Corp.,*

2011 U.S. Dist. LEXIS 147483 (N.D. Cal. Dec. 22, 2011) ...................11

**Statutes**

15 U.S.C § 1692 *et seq.* ...........................................................................2, 4, 15

15 U.S.C § 1692e. .............................................................................................3, 6

15 U.S.C § 1692k(a)(2)(A). ..............................................................................15

Cal. Civ. Code § 1788.1 ....................................................................................4

Cal. Civ. Code § 1788.17. ............................................................................1, , 3, 4, 6

Cal. Civ. Code § 1788.30(b) ..........................................................................4

HYDE & SWIGART
San Diego, California

**Rules**

Fed. R. Civ. P. 23 ...........................................................................................4, 5 , 6

Fed. R. Civ. P. 23(a) ...........................................................................................2, 4,

Fed. R. Civ. P. 23(a)(1) ...........................................................................................7

Fed. R. Civ. P. 23(a)(2) ...........................................................................................8

Fed. R. Civ. P. 23(a)(4) ...........................................................................................11

Fed. R. Civ. P. 23(b) ...........................................................................................12

Fed. R. Civ. P. 23(b)(2) ...........................................................................................12, 13

Fed. R. Civ. P. 23(b)(3) ...........................................................................................13

Fed. R. Civ. P. 23(g)(1)(B) ...........................................................................................11

**Other**

1 Alba Cone & Herbert B. Newberg,

   *Newberg on Class Actions* § 3.3 (4th ed. 2002) ...........................................7

5 James Wm Moore,

   *Moore's Fed. Prac.* § 23.21 (2001) ...........................................................6

7A Wright, Miller & Kane,

   *Fed. Prac. & Proc. Civil 3d* § 1760 (3 ed. 2005)...........................................6

H. Newberg,

   *Newberg on Class Actions* § 1115(b) (1st Ed. 1977) ...........................7, 10

HYDE & SWIGART
San Diego, California

## I.   INTRODUCTION

The purpose of a class action is to promote judicial economy by avoiding duplicative suits against the same defendant, and to protect the rights of persons who may not be able to assert their claims on an individual basis. *Crown, Cork, & Seal Co. v. Parking*, 462 U.S. 345 (1983).  This putative class action centers on a few simple allegations which, if found to be true, constitute numerous violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Act, Cal. Civ. Code § 1788.17.   Plaintiff Dawn Zoerb alleges that Defendants National Collegiate Student Loan Trust 2006-3, A Delaware Statutory Trust(s) and the Law Offices of Patenaude & Felix, A.P.C was illegally filing state court collections lawsuits whereby Defendants failed to identify the original creditor in the state court complaint.  Claims under the FDCPA, such as the ones in this case, make ideal class actions because the putative class members suffer the same injury in virtually the same manner.

## II.   PROCEDURAL BACKGROUND

Plaintiff files this Motion for Class Certification at this time in order to procedurally preserve Plaintiff's rights pursuant to the decision in Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523 (U.S. 2013). Plaintiff filed the Complaint ("Complaint") on March 3, 2014. [ECF No. 1].  Because the parties have not yet had an opportunity to conduct any discovery in this case, Plaintiff respectfully requests the Court defer ruling on Plaintiff's Motion for Class Certification until after the parties have had a reasonable opportunity to conduct limited pre-certification discovery.  With leave of Court, Plaintiff will file an amended Motion for Class Certification with information obtained during the discovery process, which information may be necessary to demonstrate the prerequisites of Fed. R. Civ. P. 23(a) are satisfied.  *See* Declaration of Crosby S. Connolly ("Connolly Decl."), ¶¶ 5-7, filed concurrently.

**III. FACTUAL BASIS FOR CLASS CERTIFICATION**

As alleged in the Complaint, Defendants are filing state court collections lawsuits whereby Defendants fail to identify the original creditor in the state court complaint, in violation of the FDCPA and the Rosenthal Act. *See Complaint,* ¶¶ 30-34. Based upon these factual allegations in the Complaint and evidence that may be produced during the pre-certification discovery process, Plaintiff believes that a Rosenthal Act Class is justified here, consisting of:

> All persons with addresses within California; whom a collection lawsuit was filed against by Defendant in the Superior Court of California; where Defendant acquired the account subsequent to a default; which was similar or identical to Plaintiff's Complaint [Docket No. 1]; to recover a consumer debt; in which this complaint failed to provide the Defendant of the original creditor's name in violation of Cal. Civ. Code § 1788.17.

Based upon these factual allegations in the Complaint and evidence that may be produced during the pre-certification discovery process, Plaintiff believes that a FDCPA Class is justified here, consisting of:

> All persons with addresses within California; who were sent any communication which was similar or identical to Plaintiff's Plaintiff's Complaint [Docket No. 1]; to recover a consumer debt; in which this complaint failed to provide the Defendant of the original creditor's name as required by 15 U.S.C. § 1692e. For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of this Complaint

Class certification of Plaintiff's FDCPA and Rosenthal Act claims are therefore appropriate.

**IV. FAIR DEBT COLLECTION PRACTICES ACT AND THE**
   **ROSENTHAL ACT**

The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions

HYDE & SWIGART
Phoenix, Arizona

of individual privacy.   Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the intent to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. The California Legislature passed the Rosenthal Act for similar purposes. See Cal. Civ. Code § 1788.1, et. al.

## V.   RULE 23 STANDARDS AND CLASS CERTIFICATION ANALYSIS

Rule 23 governs the certification of class actions and has as main objectives the efficient resolution of the claims or liabilities of many individuals in a single action as well as the elimination of repetitious litigation and possibly inconsistent adjudication. *See Califano v. Yamaki*, 442 U.S. 682, 700-01 (1979); C. Wright, A. Miller & M. Kane, Federal Prac. & Proc. Civil 2d at § 1754 (1986).  District courts are afforded broad discretion in determining whether an action should be certified. *Montgomery v. Rumsfield*, 572 F.2d 250, 255 (9th Cir. 1978).  Rule 23 outlines a two-step process for determining whether class certification is appropriate.   First, Rule 23(a) sets forth four conjunctive prerequisites that must be met for any class: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

These requirements are referred to as numerosity, commonality, typicality, and adequacy. *See Thompson v. Clear Channel Communs., Inc. (In re Live Concert Antitrust Litig.)*, 247 F.R.D. 98, 105 (C.D. Cal. 2007). Once subdivision (a) is satisfied, the party seeking certification must demonstrate that the action falls into one of three categories under Rule 23(b). *See In re Adobe Sys., Inc. Sec. Litig.*, 139

HYDE & SWIGART
Phoenix, Arizona

F.R.D. 150, 153 (N.D. Cal. 1991). A plaintiff must show compliance with the prerequisites of Rule 23(a) under a rigorous analysis. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 (U.S. 2011). "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (U.S. 1974) (emphasis added).

"[I]t is well established that for purposes of class certification, the moving party does not need to establish a likelihood of prevailing on the merits." *McKenzie v. Fed. Express Corp.*, 275 F.R.D. 290, 297 (C.D. Cal. 2011). "<u>Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim</u>…" *General Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). "[I]t remains relatively clear an ultimate adjudication on the merits of plaintiffs' claims is inappropriate, and any inquiry into the merits must be strictly limited to evaluating plaintiffs' allegations to determine whether they satisfy Rule 23." *Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, *7 (N.D. Cal. Feb. 12, 2013) (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011).

**A.**   **The Proposed Class of Persons Reported and Collected Upon by Defendant Is Adequately Defined and Clearly Ascertainable**

"Although there is no explicit requirement concerning the class definition in FRCP 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed.'" *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679-80 (S.D. Cal. 1999) (quoting *Elliott v ITT Corp.*, 150 F.R.D. 569, 573-74 (N.D. Ill. 1992)). "The class definition 'must be sufficiently definite so that it is administratively feasible to determine whether a particular person is a class member.'" *Shaw v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 149416, *4-5 (S.D. Cal. Dec. 29, 2011) (citing *Wolph v. Acer America Corp.*, 272 F.R.D. 477,

HYDE & SWIGART
Phoenix, Arizona

482 (N.D. Cal. 2011)).[1]  "[T]he identity of class members must be ascertainable by reference to objective criteria." 5 James Wm Moore, Moore's Fed. Prac., § 23.21[1], p. 23-57 (2001).  A class may be certified even though the court cannot identify every potential member at the moment of certification. *See Santillan v. Ashcroft*, No. 04-CV-2686 MHP, 2004 U.S. Dist. LEXIS 20824 (N.D. Cal. Oct. 12, 2004).[2]

Class membership here may be readily determined by objective criteria, namely, in Subclass 1: whether (i) Defendant (ii) filed collection lawsuits against consumers in the Superior Court of California (iii) which was similar or identical to Plaintiff's Complaint [Docket No. 1] (iv) to recover a consumer debt (v) in which Defendants failed to provide the consumer the original creditor's name in violation of Cal. Civ. Code § 1788.17.  Furthermore in Subclass 2: whether (i) Defendant (ii) filed collection lawsuits against consumers in the Superior Court of California (iii) which was similar or identical to Plaintiff's Complaint [Docket No. 1] (iv) to recover a consumer debt (v) in which Defendants failed to provide the consumer the original creditor's name in violation of 15 U.S.C. § 1692e.

To identify Class members, Plaintiff will propound written discovery demanding Defendant check their records to produce documents regarding 1) lawsuits fuiled by the Law Offices of Patenaude & Felix, A.P.C. on behalf of National Collegiate Student Loan Trust 2006-3, A Delaware Statutory Trust(s), to collect consumer debts within one eyar of Plaintiff filing this action. These records should be readily available in Defendants' files. Such plausible methods will be used to identify Class members in this case, which is all that is required at the class

---

[1] "A class is ascertainable if it identifies a group of unnamed plaintiffs by describing a set of common characteristics sufficient to allow a member of that group to identify himself or herself as having a right to recover based on the description." *Moreno v. Autozone, Inc.*, 251 F.R.D. 417, 421 (N.D. Cal. 2008).

[2] The class need not be "so ascertainable that every potential member can be identified at the commencement of the action." 7A Wright, Miller & Kane, Federal Practice & Procedure, Civil 3d § 1760 at 117 (3 ed. 2005). As long as "*the general outlines of the membership* of the class are determinable at the outset of the litigation, a class will be deemed to exist." *Id.* at 118 (Italics added.)

HYDE & SWIGART
Phoenix, Arizona

certification stage. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 494-495 (C.D. Cal. 2006) ("plaintiffs need only show that their proposed methods are plausible.").

Plaintiff has thus identified the general outlines of Class membership, and it is certainly administratively feasible for the parties to review Defendant's documentation in electronic searchable format, which is a limited, basic inquiry made relatively simply through the use of technology. *See Spencer v. Beavex, Inc.*, 2006 U.S. Dist. LEXIS 98565, *19 (S.D. Cal. Dec. 15, 2006) ("[A] proposed class must be clearly defined so that it is administratively feasible for a court to determine whether a particular individual is a member.") (internal quotations omitted)).

Therefore, the class definition is adequately defined.

### B.     Numerosity

Under Rule 23(a), the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003). *See Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 606 (C.D. Cal. 2005) (classes made up of fewer than 100 have satisfied the numerosity requirement); *Sullivan v. Kelly Servs.*, 268 F.R.D. 356, 362 (N.D. Cal. 2010) ("where the exact size of the class is unknown, but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied") (quoting 1 Alba Cone & Herbert B. Newberg, *Newberg on Class Actions* § 3.3 (4th ed. 2002)).

The Complaint alleges that there are thousands of class members (Complaint). Therefore, the numerosity requirement is satisfied here because thousands of separate actions would be economically and judicially impracticable. *See Mendoza v. Home Depot, U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 13025, *13 (C.D. Cal. Jan. 21, 2010) ("Given the large number of potential plaintiffs, the Court finds that the numerosity requirement of Rule 23(a) is readily satisfied.").

//

### C.   Commonality

Rule 23(a)(2) requires that there be at least one common question of law or fact to certify a class. A class has sufficient commonality "if there are questions of fact and law which are common to the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1988) (quoting Fed. R. Civ. P. 23(a)(2)). Commonality focuses on whether certification will offer a more economical approach to resolving the underlying disputes than would individual litigation. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982).[3] "Plaintiffs need not demonstrate that all questions are common to the class; [as there need only be]…'a common core of salient facts coupled with disparate legal remedies within the class' are present." *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 506 (N.D. Cal. 2012) (citing *Hanlon*, *supra*, *at* 1019-20).

Commonality requires that the "common contention is of such a nature that it is capable of classwide resolution--which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (U.S. 2011). Where questions of law involve "standardized conduct of the defendants towards members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement...is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).[4] Class certification is appropriate where the "classwide proceeding [will] generate common answers apt to drive resolution of the litigation." *Dukes*, 131 S.Ct. at 2551.

Defendants here engaged in a common course of conduct towards Plaintiff

---

[3] Commonality exists where a "lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. Cal. 2001) (citing *LaDuke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985).

[4] "[A] lack of identical factual situations will not necessarily preclude certification where the class representative has shown sufficient common questions of law among the claims of the class…" *Franklin*, *supra*, 102 F.R.D. ay 949.

HYDE & SWIGART
Phoenix, Arizona

and the Class members by filing state court collection lawsuits whereby the state court complaint fails to identify the original creditor.[5]  Complaint., ¶ 32. Thus, there are several questions of law and fact common to the Class members, such as Defendants' common practice of filing state court collection lawsuits that fail to identify the original creditor.

The common questions of law and fact in this FDCPA/Rosenthal Act case include, but are not necessarily limited to: (1) whether Defendants filed state court collection lawsuits that failed to identify the original creditor.

Certifying this case as a class action would reduce the burden on the courts that would arise from thousands of separate, yet nearly identical FDCPA/Rosenthal Act claims; would avoid duplicate discovery requests; would provide an efficient method for prompt resolution of the issue regarding the propriety of Defendants' conduct; and would likely result in a more expedient recovery for Class members who would not have to seek individual legal representation once they were to become aware of their rights against Defendants, if at all. *See Complaint,* ¶ 45-48.

Since Plaintiff's claims arise from Defendants' uniform practice of filing state court collections lawsuits that omit the name of the original creditor, all or substantially all of the issues of law and fact are common to the Class, and certifying this case as a class action will produce common answers sought by the parties, including Defendants.  Further, discovery will permit Plaintiff to determine exactly how many consumers were collected from and had Defendants fail to correct their credit reports.

Therefore, the commonality prerequisite is easily satisfied here.

### D.    Typicality

Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. The typicality requirement serves to "assure that the interest

---

[5] "To establish commonality, it is sufficient that Plaintiff allege that all class members received the same" call. *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999).

HYDE & SWIGART
Phoenix, Arizona

of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Typicality refers to the *nature* of the claim or defense of the class representative and not on facts surrounding the claim or defense. *Id.* (Italics added.)   A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [is] based on the same legal theory." H. Newberg, *Newberg on Class Actions* § 1115(b) (1st Ed. 1977). The burden imposed by the typicality requirement is not great.[6] *See id.* at 1020. Typicality is met if the claims of each class member arise from the same "course of conduct" (*Armstrong v. Davis*, 275 F.3d at 869), and the defendant's liability turns on "similar legal argument" (*id.* at 868).   The typicality focuses on a comparison of the named plaintiff's claims with those of the class. *Id.* at 868-69. "[T]he injuries [must] result from the same, injurious course of conduct." *Id.* at 869.

"[W]hen the commonality prong is satisfied under Rule 23(a)(2), the typicality prong…generally follows suit." *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, *21 (N.D. Ill. Feb. 7, 2008).

Plaintiff's FDCPA/Rosenthal Act claim is typical of those of the Class members. Indeed, the harm suffered by the Plaintiff is virtually identical to the harm suffered by the Class members, in that Defendants failed to state the original creditor to the alleged debt in Defendants state court collection complaints.

Here, each Class member claims statutory damages for violations of the FDCPA and the Rosenthal Act. Complaint, ¶ 52 and 55. In *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005), the Northern District of California stated, "Each of the class members was sent the same collection letter as [plaintiff] and each was allegedly subjected to the same violations of the FDCPA. Therefore,

---

[6] Typicality is a guidepost as to "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 131 S. Ct. at 2551 (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157-158, n. 13 (1982)).

this Court concludes that claims of the class representative arc [sic] typical of the claims of the class." *Id*. at 545. Given Defendants' common practice of filing similar state court collection lawsuits which omit the name of the original creditor to the alleged debt from class members, there is no danger the Class Representative will be preoccupied with a unique defense (*see Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. Cal. 1992)).

Thus, the typicality requirement is also satisfied.

### E.    Adequacy of Representation

The fourth requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Due process requires as much. *Hanlon*, 150 F.3d at 1020. Courts ask two questions: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F. 3d at 957; Fed. R. Civ. P. 23(g)(1)(B) ("class counsel must fairly and adequately represent the interests of the class").

Plaintiff's counsel will fairly, responsibly, vigorously, and adequately represent the interests of the Class members whose statutory rights under the Rosenthal Act and FDCPA were violated by Defendant. *See Complaint,* ¶ 43; Connolly Decl., ¶¶ 3, 8-9. Plaintiff shares the same interests of all Class members, comprised of consumers who were all harmed in virtually the same way by Defendants practice of filing state court collection lawsuits omitting the name of the original creditor. Plaintiff will fairly represent the interests of the Class members. *Complaint*, ¶ *42*. Plaintiff's counsel is unaware of any conflict of interest on this case. Connolly Decl., ¶ 13.

It is highly unlikely that a conflict would exist in this case, given the common practice of Defendants, fixed statutory damages, and requested injunctive relief. *See Yoshioka v. Charles Schwab Corp.*, 2011 U.S. Dist. LEXIS 147483, *18 (N.D. Cal. Dec. 22, 2011) ("apart from [his] proposed incentive award, [plaintiff] will receive

HYDE & SWIGART
Phoenix, Arizona

the same relief as the class…and there is no apparent conflict of interest"). Plaintiff has retained competent class counsel experienced in consumer rights litigation and class actions to represent the interests of the Class. Complaint., ¶ 43; Connolly Decl., ¶ 3, 8-9.

Therefore, the adequacy prerequisite is satisfied.

**F.  Hybrid Class Certification Under Rules 23(b)(2) and (b)(3) Should Be Granted**

Plaintiff seeks hybrid class certification pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). The FDCPA/Rosenthal Act permits injunctive relief as well as statutory damages.

### 1.  Rule 23(b)(2)

Certification under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."   Fed. R. Civ. P. 23(b); *see also* FAC, ¶ 66. An order prohibiting Defendants from filing state collection lawsuits that fail to identify the original creditor to the alleged debt would resolve the Plaintiff's complaint in terms of injunctive relief.

Moreover, Plaintiff and each Class member were harmed in the same manner, and may continue to be harmed, in the absence of an injunction, because Defendant would otherwise be free to continue their illegal practices in violation of the FDCPA and the Rosenthal Act.

Plaintiff's requested remedy is the appropriate remedy for a class action under Rule 23(b)(2), which "applies only when a single injunction or declaratory judgment would provide relief to each member of the class" (*Dukes*, 131 S.Ct. at 2557), based upon Defendant's common practice of filing state court collection lawsuits failing to identify the original creditor. Therefore, class certification under Fed. R. Civ. P. 23(b)(2) is necessary and appropriate here.

## 2.   Rule 23(b)(3)

Rule 23(b)(3) requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175-76 (9th Cir. 2010).

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon v. Chrysler Corp.*, 150 F.3d at 1022 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)). "Individual questions need not be absent." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. Ill. 2012). "Court[s] looks at common factual link[s] between all class members and the defendants for which the law provides a remedy." *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 547 (N.D. Cal. 2005). "Implicit in…the predominance test is…that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). "Generally, when a class challenges a uniform policy or practice, the validity of the policy or practice tends to be the predominant issue in the ensuing litigation." *CE Design Ltd.*, 259 F.R.D. at 142 (citing *General Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 159 n.15 (1982)).

The principal legal issue in this case is whether Defendants' filing of state court collection lawsuits whereby Defendants failed to identify the original creditor to the alleged debt violated the FDCPA and the Rosenthal Act respectively. The only individual issue is the identification of the Class members. This will be accomplished by a review of Defendant's records to obtain the records regarding the consumers sued by Defendants where they failed to identify the original creditor.  The predominance of common legal and factual questions is evidenced in this case by the nature of Plaintiff's Rosenthal Act and FDCPA claims related to Defendants filing of state court collection lawsuits that failed to identify the original

HYDE & SWIGART
Phoenix, Arizona

creditor to the alleged debt.

Importantly, Rule 23(b)(3) does not require that all issues of law and fact be subject to common proof, as even the rule itself recognizes that there may be some issues that are individualized. *See Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 539 (N.D. Cal. 2012) (recognizing that the predominance question is not one of scale; instead it is whether certification would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results); *see also Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. N.Y. 2002).

There is clear justification here for handling this dispute under the Rosenthal Act and FDCPA on a representative rather than individual basis. The issues that make up Plaintiff's claims are common to the Class members, who have allegedly been injured in the same way and in virtually the same manner by Defendants common practice of filing state court collection lawsuits which failed to identify the original creditor to the alleged debt. Through a class action, the Court may resolve at once important common questions to which all parties seek an answer, as explained above, thus serving the policy goal of judicial economy as explained by the Ninth Circuit (*Valentino*, *supra*, 97 F.3d at 1234).

Therefore, the common issues predominate in this FDCPA/Rosenthal Action action. *See Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, *11-12 (N.D. Cal. Feb. 12, 2013) ("however strong [defendant's] arguments on the merits may be for avoiding liability, there is no reason those issues cannot be properly decided on a class-wide basis, and plaintiff has otherwise satisfied the prerequisites for certification…").

Hybrid certification under Rules 23(b)(2) and (b)(3) is therefore appropriate.

**G.    A Class Action Is Superior To Numerous Individual Rosenthal Act/ FDCPA Actions**

"Class actions were designed for these types of claims." *G.M. Sign, Inc. v.*

HYDE & SWIGART
Phoenix, Arizona

*Group C Communs., Inc.*, 2010 U.S. Dist. LEXIS 17843, *16 (quoting *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) ("'Rule 23(b) was designed for situations … in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate.'"). This inquiry calls for a comparison of alternative methods for resolution of the dispute (*Hanlon*, 150 F.3d at 1023), such as the Rosenthal Act and FDCPA claims common to the Class.

Class certification here is superior to numerous individual Rosenthal Act and FDCPA actions and thus serves the efficient and appropriate resolution to Defendant's alleged violations of the Rosenthal Act and FDCPA, which implicates the rights of thousands of persons throughout California (*See Complaint,* ¶ 40), and will provide no difficulty in allocating fixed statutory damages pursuant to to Cal. Civ. Code § 1788.30(b) and 15 U.S.C. § 1692k(a)(2)(A). It would avoid a multiplicity of actions and possible inconsistencies in judgment.    If multiple Rosenthal Act/FDCPA suits were filed, there would be a risk of inconsistent results arising from injunctive relief regarding the numerous consumers affected by Defendants' collection and reporting practices. *See e.g.*, *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 236-37 (C.D. Cal. 2003) ("Where common questions 'predominate,' a class action can…avoid inconsistent outcomes…").

## VI. CONCLUSION

For the foregoing reasons, Plaintiff submits that Plaintiff's Motion for Class Certification under Rule 23(b)(2) and (b)(3) against Defendants should be granted, but respectfully requests the Court defer ruling on such Motion until after the parties have had a reasonable opportunity to conduct limited pre-certification discovery and Plaintiff is able to supplement the Motion with information obtained during the discovery process. Plaintiff files this Motion for Class Certification at this time in order to procedurally preserve Plaintiff's rights pursuant to the decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (U.S. 2013). Therefore, Plaintiff also respectfully requests leave to file an amended

HYDE & SWIGART
Phoenix, Arizona

1  Motion for Class Certification at a later date after the parties have conducted

2  discovery.

3

4  Date: March 17, 2014                    **Hyde & Swigart**

5

6                                    By: */s/ Crosby S. Connolly*
                                         Crosby S. Connolly
7                                        Attorney for the Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HYDE & SWIGART**
Phoenix, Arizona