| | |
|---|---|
| 1 | **PATENAUDE & FELIX, A.P.C.**<br>Raymond A. Patenaude, Esq. (#128855) |
| 2 | Jeffrey W. Speights (#265206)<br>4545 Murphy Canyon Road, 3rd Floor |
| 3 | San Diego, California 92123-4363<br>(858) 244-7600  Fax (858) 836-0318 |
| 4 | |
| 5 | Attorneys for Defendants NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3 and LAW OFFICES OF PATENAUDE & FELIX, A.P.C. |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dawn Zoerb, Individually and On Behalf of Others Similarly Situated,<br><br>           Plaintiff,<br><br>vs.<br><br>National Collegiate Student Loan Trust 2006-3, A Delaware Statutory Trust(s); and, Law Offices of Patenaude & Felix, A.P.C.,<br><br>           Defendants. | Case No.:  14-cv-0468-JLS-KSC<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6)**<br><br>[F.R.C.P. 12(b)(6)]<br><br>[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT PURSUANT TO L.R. 7.1(d)(1)]<br><br>Date:   April 24, 2014<br>Time:   1:30 p.m.<br>Crtm:   4(A)<br><br>The Hon. Janis L. Sammartino<br><br>Action Filed: March 3, 2014<br>Trial Date:    None Set |

**Table of Contents**

I. Introduction ........................................................................................................................1

II. Facts and Procedural History ..............................................................................................1

III. Standard of Review for Motion to Dismiss .......................................................................3

IV. Plaintiff Fails to State a Cause of Action Under the FDCPA and the RFDCPA................4

    A. NCT is Not Subject to the Provisions of the FDCPA and RFDCPA Because It is Not a Debt Collector ...................................................................................................................4

        1. The FDCPA and RFDCPA Only Apply to Debt Collectors ..................................................5

           i.. FDCPA Definition of Debt Collector ...............................................................................5

           ii. RFDCPA Definition of Debt Collector ............................................................................7

        2. Plaintiff's Complaint Does Not State Facts Sufficient to Support a Claim that NCT is a Debt Collector ..................................................................................................................8

        3. NCT is Not a Debt Collector Because It is an Assignee of Plaintiff's Debt and Plaintiff's Debt Was Not in Default When it Was Assigned to NCT ................................................8

    B. California's Litigation Privilege Bars Plaintiff's RFDCPA Cause of Action .............................9

        1. The California Litigation Privilege and the RFDCPA ............................................................9

        2. Application of the Litigation Privilege to the RFDCPA After the Southern District of California's Decision in *Boon v. Professional Collection Consultants* .........................12

    C. Plaintiff's Claims Fail to State a Recoverable Cause of Action Under the FDCPA and the RFDCPA ........................................................................................................................13

        1. Plaintiff Does Not Plead With Sufficient Facts to Withstand a Motion to Dismiss...............14

        2. Plaintiff Does Not Plead Facts Sufficient to State a Claim Upon Which Relief Can Be Granted ...........................................................................................................................14

V. Conclusion ........................................................................................................................15

# Table of Authorities Cited

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................3, 4

*Associated General Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
    459 U.S. 519 (1983)..................................................................................................3–4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 554 (2007).......................................................................................................3

*Boon v. Professional Collection Consultants*,
    No. 12-CV-03081-H(WMC), 2013 WL 5687374 (S.D. Cal. Oct. 17, 2013) ..........11, 12

*Brenner v. American Education Services*,
    No. 4: CV1631 HEA, 2014 WL 65370 (E.D. Mo. Jan. 8, 2014)...................................6

*Chunie v. Ringrose*,
    788 F.2d 638 (9th Cir. 1986) .....................................................................................3, 8

*Cruz v. Beto*,
    405 U.S. 319 (1972).......................................................................................................3

*Edmond v. American Education Services*,
    No. 10-0578 (JDB), 2010 WL 4269129 (D. D.C. Oct. 28, 2010) .................................6

*Harmon v. GE Money Corp.*,,
    No. CV F 10-0499 LJO GSA, 2010 WL 2219345 (E.D. Cal. June 1, 2010)............5–6

*Heintz v. Jenkins*,
    514 U.S. 291 (1995).......................................................................................................5

*Holmes v. Electronic Document Processing, Inc.*,
    12-CV-06193-LHK, 2013 WL 4456544 (N.D. Cal. Aug. 15, 2013)............................11

*Izenberg v. ETS Services, LLC*,
    589 F. Suppp.2d 1193 (C.D. Cal. 2008) .....................................................................5, 7

*Komarova v. National Credit Acceptance, Inc*
    175 Cal. App. 4th 324 (Cal. Ct. App. 2009) ....................................................10, 11–12

| | |
|---|---|
| *Lal v. American Home Servicing, Inc.*, | |
| 680 F. Supp. 2d 1218 (E.D. Cal. 2010) | 7 |
| *McClatchy Newspapers, Inc. v. Superior Court*, | |
| 189 Cal. App. 3d 961 (Cal. Ct. App. 1987) | 10 |
| *Mir v. Little Company of Mary Hospital*, | |
| 844 F.2d 646 (9th Cir. 1988) | 4 |
| *Mondonedo v. Sallie Mae, Inc.*, | |
| No. 07-4059-JAR, 2009 WL 801784 (D. Kan. March 25, 2009) | 6 |
| *Navarro v. Block*, | |
| 250 F.3d 729 (9th Cir. 2001) | 3 |
| *Nool v. HomeQ Servicing*, | |
| 653 F. Supp. 2d 1047 (E.D. Cal. 2009) | 7 |
| *Oei v. North Star Capital Acquisitions, LLC*, | |
| 486 F. Supp. 2d 1089 (C.D. Cal. 2006) | 11 |
| *Olivier v. NDEX West, LLC*, | |
| No. 1:09-CV-00099 OWW GSA, 2009 WL 2486314 (E.D. Cal. Aug. 12, 2009) | 7 |
| *Retail Clerks International Association v. Schermerhorn*, | |
| 373 U.S. 746 (1963) | 3 |
| *Reyes v. Kenosian & Miele, LLP*, | |
| 525 F. Supp. 2d 1158 (N.D. Cal. 2007) | 10 |
| *Romine v. Diversified Collection Services, Inc.*, | |
| 155 F.3d 1142 (9th Cir. 1998) | 5 |
| *Rubin v. Green*, | |
| 4 Cal. 4th 1187 (Cal. 1993 | 9–10 |
| *Santos v. LVNV Funding, LLC*, | |
| No. 11-02683, 2012 WL 216398 (N.D. Cal. Jan. 24, 2012) | 11 |
| *Shannon v. Windsor Equity Group, Inc.*, | |
| No. 12-cv-1124-W(JMA), 2014 WL 977899 (S.D. Cal. March 12, 2014) | 5 |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6)**

| | |
|---|---|
| 1 | *Silberg v. Anderson*, |
| 2 | 50 Cal. 3d 205 (Cal. 1990)...........................................................................................9, 10, 14 |
| 3 | *Taylor v. Quall*, |
| 4 | 458 F. Supp. 2d 1065 (C.D. Cal. 2006). ...................................................................11 |
| 5 | *Trapper v. Credit Collection Services, Inc.*, |
| 6 | No. 10-CV-00730, 2011 WL 5080244 (W.D. N.Y. Aug. 31, 2011) ............................................6 |
| 7 | *Wood v. Cap. One Services, LLC*, |
| 8 | No. 5:09-CV-1445 (NPM/DEP), 2012 WL 4364494 (N.D. N.Y. Sept. 21, 2012).........................6 |

**Statutes**

15 U.S.C. § 1692................................................................................................................1, 5

15 U.S.C. § 1692a..............................................................................................................1, 6

Cal. Civ. Code § 47.................................................................................................................9

Cal. Civil Code § 1788............................................................................................................1

Cal. Civ. Code § 1788.2..........................................................................................................7

**Federal Rules of Civil Procedure**

Rule 12....................................................................................................................................1

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6)**

## I. INTRODUCTION

Plaintiff Dawn Zoerb ("Plaintiff") brings this action against Defendants National Collegiate Student Loan Trust 2006-3, A Delaware Statutory Trust ("NCT") and the Law Offices of Patenaude & Felix, A.P.C. ("P&F", collectively "Defendants") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692, *et seq.* ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788, *et seq.* ("RFDCPA"). Plaintiff alleges that NCT and P&F violated the FDCPA and RFDCPA when they allegedly engaged in false, deceptive, or misleading representation in connection with the collection of a debt.

However, after a thorough examination of the facts pleaded in Plaintiff's complaint, Plaintiff's complaint should be dismissed for failure to state a cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). First, Plaintiff fails to plead facts sufficient to show NCT is a debt collector under the FDCPA. Further, under no set of facts will Plaintiff ever be able to sufficiently plead that NCT is a debt collector under the FDCPA because NCT does not satisfy the definitional requirements of a debt collector and therefore is not subject to the FDCPA. Second, California's litigation privilege bars Plaintiff's RFDCPA cause of action as to both Defendants. Finally, Plaintiff's facts, as pleaded, are not sufficient to sustain a cause of action under the FDCPA against either Defendant.

For these reasons, Plaintiff's complaint should be dismissed in full without leave to amend.

## II. FACTS AND PROCEDURAL HISTORY

Defendant P&F is a law firm principally based in San Diego, California and Defendant NCT is a client of P&F. NCT is a Delaware Statutory Trust and an assignee of student loan notes. (Declaration of Bradley Luke in Support of Defendants' Motion to Dismiss ("Bradley Decl."), ¶ 2.) Plaintiff's student loan note that is the subject of the underlying state court action in this matter was originally dispersed to Plaintiff on June 28, 2006. (Bradley Decl., ¶ 6.) On Plaintiff's loan note, as part of Plaintiff's repayment plan, Plaintiff selected the full deferral payment option. (Bradley Decl., ¶ 5.) The terms of the full deferral payment option state: "'The 'Deferment End Date' will be 180 days after student first graduates or ceases to be enrolled at least half time in the school (or other school participating in this Loan Program)." (Bradley Decl., ¶ 5.) On September 28, 2006, Plaintiff's student

1
**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6)**

loan note was assigned to NCT. (Bradley Decl., ¶ 7.) On the date NCT was assigned Plaintiff's note, Plaintiff's note was still in full deferment. (Bradley Decl., ¶ 8.) Since Plaintiff's note was in full deferment on the date it was assigned to NCT, there was no payment due and owing and Plaintiff was not required to make any payments on her loan at that time. (Bradley Decl., ¶ 9.) Therefore, Plaintiff's note was not in default when it was assigned to NCT. (Bradley Decl., ¶ 10.) Plaintiff's student loan note was not in default on the date it was assigned to NCT because there was no delinquent or outstanding payment that had not been paid. (Bradley Decl., ¶ 10.) In fact, the first payment on Plaintiff's note was to be made on January 18, 2010, more than three years after the note was assigned to NCT. (Bradley Decl., ¶ 11.)

NCT, as assignee of Plaintiff's student loan note, ultimately utilized P&F to assist on collecting on the note, and P&F eventually brought a lawsuit against Plaintiff on or around June 28, 2013 in California Superior Court for the County of Solano. (Defendants' Request for Judicial Notice ("RJN"), Exhibit B.) P&F's premised its cause of action on the fact that Plaintiff owed NCT money due on her student loan note. (RJN, Exhibit B, p. 6.)

Based solely on the contents of P&F's state court complaint, Plaintiff filed this immediate action in the United States District Court for the Southern District of California. In her complaint, Plaintiff alleges that Defendant NCT is a debt collector as defined by 15 U.S.C. § 1692a(6). (RJN, Exhibit A, ¶ 20.) Plaintiff's only basis for asserting NCT and P&F are debt collectors is a statement that Defendants use "an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6)." (RJN, Exhibit A, ¶ 20.) Plaintiff alleges no other facts supporting her contention that NCT is a debt collector. (*See generally* RJN, Exhibit A.) Plaintiff's complaint also alleges that Defendants filed a state court action against Plaintiff and that Defendants' state court complaint used a false, deceptive, or misleading representation in connection with the collection on a debt. (RJN, Exhibit A, ¶¶ 29, 33.) Plaintiff further alleges that Defendants' assertions in its state court complaint that NCT entered into a written contract with Plaintiff is incorrect. (RJN, Exhibit A, ¶ 31.) Plaintiff alleges that Defendants' failure to identify Plaintiff's original creditor in the

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6)**

state court complaint was deceptive and material under the FDCPA. (RJN, Exhibit A, ¶ 32.) Plaintiff alleges violations of the FDCPA sections 1692 *et seq.* and RFDCPA sections 1788 *et seq.* (RJN, Exhibit A, ¶¶ 33–34.) Plaintiff's allegations of Defendants' wrongdoing pertain solely to the contents of P&F's state court complaint and reference no conduct beyond the filing and contents of the state court complaint. (RJN, Exhibit A, ¶¶ 24–34.)

Based on the facts alleged in Plaintiff's federal complaint, Plaintiff has failed to plead sufficient facts supporting its contention that NCT is a debt collector as defined by the FDCPA. Additionally, California's litigation privilege bars Plaintiff's RFDCPA claims and Plaintiff's claims generally fail state a cognizable claim against Defendants. Because of these facts, Defendants respectfully request this Court to dismiss Plaintiff's complaint without leave to amend.

### III.    STANDARD OF REVIEW FOR MOTION TO DISMISS

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of each reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell At. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nevertheless, the court "need not assume the truth of the legal conclusions cast in the form of factual allegations." *Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* Additionally, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the … laws in ways that have not been alleged."

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible" is the complaint properly dismissed. *Id*. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. The plausibility inquiry is "a context-specific task that requirements the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

## IV. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER THE FDCPA AND THE RFDCPA

Plaintiff's complaint should be dismissed for three fundamental reasons. First, Plaintiff has not pleaded facts sufficient to show NCT is a debt collector under the FDCPA and the RFDCPA. Additionally, Plaintiff can never plead any set of facts showing NCT is a debt collector because NCT is an assignee of Plaintiff's student loan note and the note was not in default on the assignment date. Second, the California litigation privilege bars RFDCPA complaints predicated solely on the act of a debt collector filing a state court complaint. Finally, under no cognizable theory of law can the Plaintiff or the putative class recover based on the factual allegations in Plaintiff's complaint.

### A. NCT is Not Subject to the Provisions of the FDCPA and RFDCPA Because It is Not a Debt Collector

Plaintiff's complaint liberally and without any factual basis describes NCT as a debt collector. This assertion is false. NCT is as assignee of Plaintiff's student loan note. (Bradley Decl., ¶ 7.) Further, on the date NCT was assigned Plaintiff's student loan note the note was not in default. (Bradley Decl. ¶¶ 7–11.). Since the FDCPA and RFDCPA only apply to debt collectors, and since NCT does not fit the definition of a debt collector, NCT is not required to adhere to the provisions outlined in either

////

statutory scheme. For these reasons Plaintiff has not raised any viable cause of action against NCT and NCT should be dismissed from this matter without leave to amend.

### 1. The FDCPA and RFDCPA Only Apply to Debt Collectors

#### i. FDCPA Definition of Debt Collector

Both the FDCPA and RFDCPA are clear that they only apply to entities classified as a "debt collector." *See* 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors."). A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). For a defendant to be held liable under the FDCPA, the defendant must "as a threshold requirement" fit the Act's definition as a debt collector. *Izenberg v. ETS Servs., LLC*, 589 F. Suppp.2d 1193, 1198 (C.D. Cal. 2008) (citing *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *Romine v. Diversified Collection Servs., Inc.*, 155 F. 3d 1142, 1146 (9th Cir. 1998)). Therefore, the FDCPA does not apply to parties who do not fit the statutory definition of a debt collector. *Shannon v. Windsor Equity Group, Inc.*, No. 12-cv-1124-W(JMA), 2014 WL 977899, *5 (S.D. Cal. March 12, 2014).

The FDCPA contains a number of exceptions as to what constitutes a debt collector for purposes of liability under the statutory scheme. The statute clearly excludes from its definition of debt collector any entity that obtains the debt of another prior to that debt being in default. 15 U.S.C. § 1692a(6)(F)(iii). The statute states that "debt collector" does not include any person collecting on any debt owed or due to the extent such activity "concerns a debt which was not in default at the time it was obtained by such person." *Id*. Ninth Circuit jurisprudence is clear on this issue as well. If an entity, as assignee of a debt, acquired the debt prior to the debt being in default, then the entity is not considered a debt collector for FDCPA purposes. *Harmon v. GE Money Corp.*, No. CV F 10-0499 LJO GSA, 2010 WL 2219345, *6 (E.D. Cal. June 1, 2010). Looking at the legislative history of section 1692a(6) supports this conclusion. The legislative history of the FDCPA "indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, ***or an assignee of a debt, as long as the debt was not in default at the time it was assigned***." *Harmon*, 2010 WL at *6

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6)**

(emphasis added). When analyzing default, courts agree that "[d]efault does not occur until after a debt becomes outstanding." *Mondonedo v. Sallie Mae, Inc.*, No. 07-4059-JAR, 2009 WL 801784, *3 (D. Kan. March 25, 2009). *See also Trapper v. Credit Collection Servs., Inc.*, No. 10-CV-00730, 2011 WL 5080244, *1 (W.D. N.Y. Aug. 31, 2011) ("Various other federal regulations have defined default as commencing anywhere between thirty and 270 days after a debt becomes due.") Additionally, FDCPA section 1692a(6)(F)(iii) is not limited solely in conjunction with mortgage companies. *Wood v. Cap. One Servs., LLC*, No. 5:09-CV-1445 (NPM/DEP), 2012 WL 4364494, *7 (N.D. N.Y. Sept. 21, 2012) ("[C]ourts apply the exception to other types of companies besides mortgage service companies."). The exception certainly applies to assignees of student loans. *See Brenner v. Am. Educ. Servs.*, No. 4:CV1631 HEA, 2014 WL 65370, *2 (E.D. Mo. Jan. 8, 2014) (Section 1692a(6)(F)(iii) applied to student loan servicer.). Therefore, if an assignee is assigned a student loan prior to that loan going into default, the assignee is not a debt collector under the FDCPA and cannot be held liable for any actual or perceived violations thereof.

*Edmond v. American Education Services* is illustrative. In *Edmond*, the plaintiff-debtor obtained a student loan from Bank of America, N.A. *Edmond v. Am. Educ. Servs.*, No. 10-0578 (JDB), 2010 WL 4269129, *1 (D. D.C. Oct. 28, 2010). Defendant American Education Services (AES) serviced Plaintiff's student loans. *Id*. According to Plaintiff, AES erroneously reported Plaintiff's student loan accounts as delinquent to three credit reporting agencies and subjected plaintiff to harassing and predatory acts in its attempt to collect on the debt. *Id*. Plaintiff claimed defendant violated the FDCPA in its attempts to collect on the debt. *Id*. The Court ruled that "[a]bsent an allegation that plaintiff's loan was in default when AES acquired it, AES is not a debt collector and thus is not subject to the FDCPA." *Id*. at *5. Ultimately, the loan servicer was not covered under the FDCPA "absent an allegation that plaintiff's account was in default when AES acquired it." *Id*. at *5.

Based on the foregoing analysis, if an entity is assigned a debt, and that debt was not in default at the time it was assigned, then the assignee is not categorized as a debt collector under the FDCPA. This rule applies to assignees of student loans. Therefore, if an entity is assigned a student loan note, and that note is not in default on the date it was assigned, then that entity is not considered a debt collector under the FDCPA.

ii. <u>RFDCPA Definition of Debt Collector</u>

The RFDCPA defines a debt collector as "any person who, in the ordinary course of business, regularly, on behalf of himself or others, engages in debt collection." Cal. Civ. Code § 1788.2. The RFDCPA also requires that for any party to be held liable under the act it must fit within the definition of a debt collector. *See Izenberg*, 589 F. Supp. 2d at 1199 ("Like the FDCPA, the RFDCPA applies only to debt collectors."). Even with slight differences in wording between the statutory schemes, courts interpret the RFDCPA is the same manner they interpret the FDCPA. The RFDCPA "does in fact mirror in the FDCPA, their intentions were the same and exclusive." *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010). Therefore, federal courts use the same definition of "debt collector" for both the FDCPA and the RFDCPA. *See Lal*, 680 F. Supp. 2d at 1224 (Finding that loan servicers are not debt collectors under either the FDCPA or the RFDCPA.). Hence, if a party is not defined as a "debt collector" under the FDCPA and there is therefore no underlying FDCPA cause of action, then there is also no claim under the RFDCPA. *See Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (Defendant not classified as a "debt collector" under the FDCPA necessarily resulted "in failure of Plaintiff's California RFDCPA claim, as the scope of California's law mirrors the federal statute.")*; Olivier v. NDEX West, LLC*, No. 1:09-CV-00099 OWW GSA, 2009 WL 2486314, *3 (E.D. Cal. Aug. 12, 2009) ("The absence of a violation of the FDCPA [because defendant is not a "debt collector"] results in failure of Plaintiff's R-FDCPA claim, as the scope of California's law mirrors the federal statute.") If a defendant does not fit the definition of a "debt collector" under the FDCPA, thus precluding any claim for recovery brought under the FDCPA, then there is subsequently no violation of California's RFDCPA because the California scheme mirrors the federal scheme.

Looking at case law, courts interpret the RFDCPA in the same manner they interpret the FDCPA. If a defendant is not classified as a "debt collector" under the FDCPA and this determination results in a dismissal of all FDCPA claims, any associated RFDCPA cause of action should also be dismissed because the RFDCPA parallels the FDCPA's definitions and applications.

////

////

////

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6)**

### 2. Plaintiff's Complaint Does Not State Facts Sufficient to Support a Claim that NCT is a Debt Collector

Plaintiff's complaint should be dismissed because it does not contain sufficient facts to support its contention that NCT is a debt collector under the FDCPA and RFDCPA. Plaintiff's complaint makes the conclusory statement that because NCT uses an instrumentality of interstate commerce in a business the principal purpose of which is the collection of debt, that NCT fits the FDCPA's definition of a "debt collector." (RJN, Exhibit A, ¶ 20.) However, nowhere in Plaintiff's complaint does Plaintiff state facts supporting the allegation that NCT, as an assignee of Plaintiff's debt, received the debt while it was in default. Plaintiff's contention that NCT is a debt collector is a legal conclusion cast as a factual allegation, but not supported by the facts listed in the complaint. Such pleading does not satisfy the federal standards needed to defeat a motion to dismiss. *See Chunie*, 788 F.2d at 642 n.2. If NCT was assigned Plaintiff's account prior to it being in default, NCT is excluded from the FDCPA's definition of a debt collector. And since NCT is not properly categorized as a "debt collector" then the FDCPA is inapplicable as to NCT. Plaintiff's failure to allege facts sufficient to support a claim under the FDCPA necessarily results in a failure to state facts sufficient to support a claim under the RFDCPA. Failure on Plaintiff's part to allege facts that NCT was assigned Plaintiff's debt while the debt was in default renders Plaintiff's complaint deficient. For this reason, this Court should dismiss Plaintiff's FDCPA and RFDCPA causes of action against NCT without leave to amend.

### 3. NCT is Not a Debt Collector Because It is an Assignee of Plaintiff's Debt and Plaintiff's Debt Was Not in Default When it Was Assigned to NCT

Not only has Plaintiff failed to state sufficient facts showing NCT is a debt collector, but under no set of facts can Plaintiff ever successfully plead NCT is a debt collector under the FDCPA. When NCT was assigned Plaintiff's student loan note, the note was not in default. These facts prohibit NCT from ever being classified as a debt collector under the FDCPA. For this reason, Plaintiff's FDCPA and RFDCPA causes of action should be dismissed without leave to amend.

NCT is an assignee of student loans and was assigned Plaintiff's note on September 28, 2006. (*See* Section II, Facts and Procedural History, *supra*.) When NCT was assigned Plaintiff's student loan note it is irrefutable that the note was not in default on the assignment date. Plaintiff's note was in

deferment, meaning there was no payment due and owing on the assignment date. Since there was no payment due to NCT on the assignment date, it is unquestioned that Plaintiff's note was not in default at the time of assignment. Since Plaintiff's note was not in default on the date it was assigned to NCT, NCT cannot be classified as a debt collector under the FDCPA. And since NCT does not fit the definitional requirements of a debt collector under the FDCPA, the FDCPA is inapplicable to NCT in this matter. For this reason alone, Plaintiff's complaint should be dismissed.

As explained above, there is no question that the FDCPA excludes from its definition of debt collector an assignee of a student loan that was not in default at the time it was assigned. As NCT clearly demonstrates with Plaintiff's account history, when NCT acquired Plaintiff's account it was not in default. Because the account was not in default NCT is excluded from the definition of a debt collector. And because NCT cannot be classified as a debt collector under the FDCPA, Plaintiff has no actionable FDCPA claims against NCT. For these reasons, Plaintiff's FDCPA and RFDCPA claims against NCT should be dismissed without leave to amend.

### B. California's Litigation Privilege Bars Plaintiff's RFDCPA Cause of Action

California's litigation privilege acts as a bar to Plaintiff's RFDCPA cause of action. Plaintiff's RFDCPA cause of action is premised solely on the predicate act of Defendants filing a state court cause of action against Plaintiff. Plaintiff does not allege any independently wrongful conduct on Defendants part other than filing a state court action. Using the principles enumerated under California's litigation privilege, Plaintiff's claims should be dismissed.

#### 1. The California Litigation Privilege and the RFDCPA

California's litigation privilege establishes that a judicial proceeding is considered a privileged publication. Cal. Civ. Code § 47(b)(2). This privilege is absolute and "is now held applicable to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution." *See Silberg v. Anderson*, 50 Cal. 3d 205, 215 (Cal. 1990). This privilege applies to both communicative acts in a judicial proceedings as well as "any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Id*. at 212. Thus, pleadings that have some relation to the lawsuit are privileged under Civil Code section 47(b). *Rubin v. Green*, 4 Cal.

9

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6)**

4th 1187, 1194 (Cal. 1993). The rational purpose of the litigation privilege is to afford "litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg*, 50 Cal. 3d. at 213. This works to "open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments, and to avoid unending litigation." *McClatchy Newspapers, Inc. v. Superior Court*, 189 Cal. App. 3d 961, 970 (Cal. Ct. App. 1987).

In *Reyes v. Kenosian & Miele, LLP*, the Northern District of California found that the litigation privilege barred Plaintiff's RFDCPA cause of action. In *Reyes*, defendant Kenosian & Miele, LLP ("K&M") filed a state cause of action against Reyes based on an alleged outstanding debt. *Reyes v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158, 1160 (N.D. Cal. 2007). Reyes won at the trial court level and subsequently brought suit against K&M in federal court for violations of the FDCPA and RFDCPA. *Id*. The Northern District of California dismissed Plaintiff's RFDCPA cause of action, noting that "if the gravamen of the action is communicative, the litigation privilege extends to noncommunicative acts that are necessarily related to the communicative conduct … Stated another way, unless it is demonstrated that an independent, noncommunicative, wrongful act was the gravamen of the action, the litigation privilege applies." *Id*. at 1162. In *Reyes*, The court noted that Plaintiff's RFDCPA cause of action relied exclusively on Defendant's act of filing a state court complaint. *Id*. at 1165. Because Plaintiff's underlying claim was based solely on the fact Defendant filed a complaint in state court, the plaintiff had failed to "demonstrate that the operative Complaint is based on the existence of an ***independent, noncommunicative***, wrongful act." *Id*. at 1162 (emphasis added). Functionally, *Reyes* confirms that courts should dismiss an RFDCPA cause of action predicated solely on the act of filing a state court complaint.

Defendants here admit there are differing views of the litigation privilege based on the California Court of Appeals decision in *Komarova v. National Credit Acceptance, Inc.* In *Komarova*, a California appellate court held that the litigation privilege of section 47(b) of the California Civil Code does not apply to causes of action based on the RFDCPA. *Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 340 (Cal. Ct. App. 2009). The court held that the RFDCPA "would be significantly inoperable if it did not prevail over the privilege where, as here, the two conflict." *Id*. Other courts have

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6)**

followed the reasoning articulated in *Komarova*. *See Holmes v. Elec. Doc. Processing, Inc.*, 12-CV-06193-LHK, 2013 WL 4456544, *9 (N.D. Cal. Aug. 15, 2013); *Santos v. LVNV Funding, LLC*, No. 11-02683, 2012 WL 216398, *2-3 (N.D. Cal. Jan. 24, 2012).

This issue appeared to be settled until the recent case of *Boon v. Professional Collection Consultants*. No. 12-CV-03081-H(WMC), 2013 WL 5687374 (S.D. Cal. Oct. 17, 2013). In *Boon*, Defendant Professional Collection Consultants ("PCC") was the assignee of Boon's allegedly defaulted account with Chase Bank USA, NA. *Id*. at *1. PCC filed a lawsuit against Boon in California state court, but Boon filed an answer asserting the statute of limitations had run prior to PCC filing its complaint. *Id*. PCC then voluntarily dismissed the state court action against Boon. *Id*. Boon then filed a federal action against PCC for violating the FDCPA and the RFDCPA. *Id*. After filing a second amended complaint, Boon alleged that PCC brought the state court action after the statute of limitations had run, and that this action violated the FDCPA and the RFDCPA. *Id*. In its motion to dismiss the second amended complaint, PCC asserted it was protected by the California litigation privilege from Boon's RFDCPA claim. *Id*.

The Southern District of California granted PCC's motion to dismiss. *Id*. at *2. In granting the motion to dismiss, the court noted that PCC filed its state court lawsuit against Boon outside of the applicable statute of limitations period. *Id*. But the court held "[s]ince Defendant's alleged conduct is limited to filings in the state court action, Defendant's conduct falls within the litigation privilege." *Id*. Citing *Taylor v. Quall*, 458 F. Supp. 2d 1065, 1067–69 (C.D. Cal. 2006).

In *Boon*, Plaintiff argued that *Komarova* and its progeny, including *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089 (C.D. Cal. 2006) explicitly hold that the California's litigation privilege does not apply to claims brought under the RFDCPA. *Boon*, WL 5687374 at *3. The *Boon* court, however, distinguished its facts from *Komarova* and *Oei*. In *Oei*, the *Boon* court noted that the defendants called the Oeis "*after commencing a state-court collection action*" and the calls were "verbally harassing them and falsely accusing them of owing on an outstanding debt." *Oei*, 486 F. Supp. 2d at 1100. The district court in *Oei* noted that the litigation privilege "could not be used by debt collectors to shield their subsequent wrongful conduct." *Id*. at 1100–01. And in *Komarova*, the defendant debt collector's conduct consisted of making threatening phone calls to the plaintiff-debtor,

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6)**

"both before and after the debt collector filed an arbitration claim." *Komarova*, 175 Cal. App. 4th at 331–36. In *Komarova*, the court held that defendant debt collector was not permitted to tie threatening phone calls to the filing of an arbitration claim and thereby "evade the Rosenthal Act's prohibitions against calling without disclosing an identity, frequently calling amounting to harassment, and communications with an employer. *Boon*, WL 5687374 at *3 (citing *Komarova*, 175 Cal. App. 4th at 338–40. In *Boon*, the court noted that PCC's only attempt to collect on the alleged debt was filing the state court action. *Boon*, WL 5687374 at *3. Boon's sole allegation supporting its contention that PCC violated the RFDCPA is PCC's filing of a time-barred complaint. *Id*. But since Boon did "not allege any violations of the Rosenthal Act *apart from PCC's state court filings*, there is no conflict between the Section 47 litigation privilege and the Rosenthal Act." *Id*. (emphasis added).

### 2. Application of the Litigation Privilege to Plaintiff's RFDCPA Cause of Action After the Southern District of California's Decision in *Boon v. Professional Collection Consultants*

Like *Boon*, Plaintiff Zoerb's sole allegation against Defendants P&F and NCT is the filing of an allegedly misleading complaint. Nowhere in Plaintiff's complaint does she allege any other wrongdoing other than the filing of the state court complaint. (RJN, Exhibit A, ¶¶ 24–34.) Unlike *Komarova* and *Oei*, Plaintiff's complaint omits any allegations regarding harassing or threatening phone calls, calls to her employers, or any other potential violation of the RFDCPA. Plaintiff's sole contention supporting her RFDCPA claim is that Defendants filed a state court complaint. Plaintiff's complaint omits any statement of fact alleging an independently wrongful, non-communicative act besides the filing of the state court complaint.

This situation is analogous to *Boon*. In *Boon*, the debt collector's state court complaint was time barred. Clearly the information contained within PCC's state court complaint did not support a cause of action against the debtor because PCC dismissed the action after the debtor filed an answer. Yet the Southern District still dismissed the debtor's RFDCPA cause of action because the only act giving rise to the cause of action was the filing of the complaint in the first place. There were no independent allegations of wrongdoing outside of filing the complaint.

////

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6)**

Like *Boon*, Plaintiff's complaint here only relies on Defendants' state court complaint as the sole basis to support her RFDCPA claim. Nowhere does Plaintiff allege any independently wrongful or non-communicative acts besides the filing of the complaint. The facts here are distinguishable from *Komarova* and *Oei* and align much closer to the facts in *Boon*. And because Plaintiff's only allegation to support its RFDCPA claim against P&F and NCT involve the filing of a single state court complaint, California's litigation privilege should apply and Plaintiff's RFDCPA claim should be dismissed.

Furthermore, this is the *precise* scenario envisioned by the California legislature to support application of the litigation privilege. Plaintiff's RFDCPA claim stems solely from Defendants filing a state court complaint. The California legislature understood that creating perpetual litigation stemming from previous litigation produces an inefficient legal system that discourages plaintiffs from asserting their legal rights. The California legislature understood this principle when it passed Civil Code section 47(b). It knew that subjecting litigants to future liability for merely trying to assert their legal rights only acts to chill litigation. Application of the litigation privilege here will promote "the utmost access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg*, 50 Cal. 3d at 213. Defendants here do not seek to abuse the litigation privilege to evade liability for independently wrongful acts committed outside of the scope of litigation. Defendants seek to use the litigation privilege to dismiss a cause of action predicated *solely* on Defendants' attempt to assert their legal rights in a state court proceeding.

For the reasons above, Plaintiff's RFDCPA cause of action should be dismissed. Plaintiff's entire basis for her RFDCPA claim involves P&F and NCT filing a single state court complaint. Like in *Boon*, an RFDCPA claim should be dismissed where the sole predicate action to support the claim is the filing of a state court complaint. With no allegations of independently wrongful acts committed by Defendants besides the filing of the state court complaint, Plaintiff's RFDCPA complaint should be dismissed without leave to amend.

## C. **Plaintiff's Claims Fail to State a Recoverable Cause of Action Under the FDCPA or the RFDCPA**

Plaintiff's complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's complaint alleges Defendants violated the FDCPA

and the RFDCPA when P&F filed a state court complaint against Plaintiff in California Superior Court for the County of Solano. First, Plaintiff's complaint insufficiently pleads enough facts necessary to support a cause of action premised on the FDCPA or the RFDCPA. Second, Plaintiff's facts do not support a cognizable action against Defendants for alleged violations of the FDCPA and the RFDCPA.

### 1. Plaintiff Does Not Plead With Sufficient Facts to Withstand a Motion to Dismiss

Plaintiff's complaint does not contain sufficient facts to support her FDCPA and RFDCPA causes of action. Plaintiff's complaint contains a paucity of facts to support her causes of action, only occupy eleven paragraphs of Plaintiff's 55 paragraph complaint. Plaintiff's complaint needs to allege facts more than a "the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff's facts briefly include a statement that "Defendant(s) entered into a written contract with Plaintiff" but Plaintiff denies there was ever a contract between the parties. Plaintiff also asserts that Defendants' failure to identify the original creditor is deceptive and material under the FDCPA. Plaintiff then includes a conclusory statement that through this conduct, "Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt." Other than Plaintiff's short statement regarding Defendants' pleading in a state court action, Plaintiff's complaint fails to clearly articulate additional facts to support its causes of action. Plaintiff's complaint is not pleaded with sufficient facts to withstand Defendants' Motion to Dismiss. For these reasons, Plaintiff's complaint should be dismissed without leave to amend.

### 2. Plaintiff Does Not Plead Facts Sufficient to State a Claim Upon Which Relief Can Be Granted

Even assuming Plaintiff's facts to be true (which Defendants do not), Plaintiff has not pleaded a plausible theory of recovery under the FDCPA or the RFDCPA. Plaintiff's allegations that Defendants are debt collectors are unsubstantiated and lack supporting facts. Plaintiff's assertions that Defendants' state court complaint is both "deceptive and material" is a conclusory statement not able to withstand a Rule 12(b)(6) motion. Nor is Plaintiff's assertion that Defendants' conduct used a "false, deceptive, or misleading representation … in connection with the collection is a debt" detailed enough to satisfy federal pleading requirements. Plaintiff's complaint does not explain how or why Defendants' omission

of Plaintiff's original creditor from its state court complaint was "false, deceptive, or misleading" or how it was material to the pending action. Plaintiff's conclusory statements and application of law do not satisfy Rule 12(b)(6) standards. As such, Plaintiff's complaint should be dismissed without leave to amend.

## V. CONCLUSION

Based on the foregoing analysis, Plaintiff's complaint should be dismissed without leave to amend. First, Defendant NCT is not a "debt collector" under either the FDCPA or the RFDCPA. Additionally, under no set of facts can Plaintiff plead that NCT is a debt collector because Plaintiff's student loan note was not in default on the date it was assigned to NCT. Second, California's litigation privilege precludes Plaintiff's RFDCPA cause of action. Finally, the complaint fails to state facts upon with relief can be granted in regards to both FDCPA and RFDCPA causes of action. For these reasons, Defendants respectfully request this Court to dismiss this matter without leave to amend.

Dated: March 26, 2014                    Respectfully submitted:

                                         By:    /s/ Jeffrey W. Speights
                                                RAYMOND A. PATENAUDE, ESQ.
                                                JEFFREY W. SPEIGHTS, ESQ.
                                                Attorneys for Defendants
                                                NATIONAL COLLEGIATE STUDENT
                                                LOAN TRUST 2006-3 and LAW OFFICES
                                                OF PATENAUDE & FELIX, A.P.C.