# PLAINTIFF'S EXHIBIT A

Consolidated Class Action Complaint for Damages

___

*In The Case Of*

***Dawn Zoerb, Individually and On Behalf
of Others Similarly Situated,
v.
National Collegiate Student Loan Trust 2006-3,
A Delaware Statutory Trust(s);
and, Law Offices of Patenaude & Felix, A.P.C.***

---

Hyde & Swigart, San Diego, California (619) 233-7770

Crosby S. Connolly (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone:  (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Plaintiffs

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone:  (800) 400-6808
Facsimile:   (800) 520-5523

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN ZOERB, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>V.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, *ET AL.*,<br><br>DEFENDANTS. | Case No: 14-CV-468-BAS-KSC<br><br>CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR DAMAGES<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Dawn Zoerb, Andrew Toney, Laurie Alderman, Lora Mayhugh, Charlene Baxter, Robin Goret, Juel Benoit, Janice Benoit, Madeline Montry, Rebecca Burlingame, Sandi Parra, Reynaldo Raquel and Lisa Alward, collectively ("Plaintiffs"), through Plaintiffs' attorneys, brings this action to challenge the actions of National Collegiate Student Loan Trust 2006-3 A Delaware Statutory Trust(s); National Collegiate Student Loan Trust 2007-2 A Delaware Statutory Trust(s); National Collegiate Student Loan Trust 2004-1; National Collegiate Student Loan Trust 2005-1, A Delaware Statutory Trust(s);

**HYDE & SWIGART**
San Diego, California

1  National Collegiate Student Loan Trust 2007-3; National Collegiate Master
2  Student Loan Trust-I, A Delaware Statutory Trust(s); National Collegiate
3  Student Loan Trust 2007-2; National Collegiate Student Loan Trust 2007-4,
4  A Delaware Statutory Trust(s); National Collegiate Student Loan Trust 2007-1
5  and National Collegiate Student Loan Trust 2005-3, collectively ("National
6  Collegiate"), and Law Offices of Patenaude & Felix, A.P.C., ("Patenaude"),
7  collectively, ("Defendants"), with regard to attempts by Defendants to
8  unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this
9  conduct caused Plaintiff damages.

4.  Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.  Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7.  Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

8.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Plaintiff Dawn Zoerb is a natural person who resides in the City of Vallejo, County of Solano, State of California.

11. Plaintiff Anthony Toney is a natural person who resides in the City of Los Angeles, County of Los Angeles, State of California.

12. Plaintiff Laurie Alderman is a natural person who resides in the City of Solano, County of Solano, State of California.

13. Plaintiff Lora Mayhugh is a natural person who resides in the City of San Diego, County of San Diego, State of California.

14. Plaintiff Charlene Baxter is a natural person who resides in the City of Hesperia, County of San Bernardino, State of California.

15. Plaintiff Robin Goret, is a natural person who resides in the City of San Diego, County of San Diego, State of California.

16. Plaintiffs Juel Benoit and Janice Benoit are natural persons who reside in the City of Menifee, County of Riverside, State of California.

17. Plaintiffs Madeline Montry and Rebecca Burlingame are natural persons who resides in the City of Running Springs, County of San Bernardino, State of California.

18. Plaintiff Sandi Parra is a natural person who resides in the City of Los Angeles, County of Los Angeles, State of California.

19. Plaintiffs Reynaldo Raquel and Lisa Alward are natural persons who resides in the City of Fairfield, County of Solano, State of California.

20. Defendants filed collection actions against Plaintiffs in violation of the FDCPA and Rosenthal Act.

21. Defendants regularly operate within the county of San Diego and file hundreds of lawsuits in the San Diego Superior Court.

22. Patenaude resides in San Diego County, as defined by 28 U.S.C. § 1391(c)(2), the judicial district in which this lawsuit is brought. As such, venue is proper pursuant to 28 U.S.C. § 1391(b)(3).

23. Because Defendants do business and have the capacity to sue within the State of California, personal jurisdiction is established and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (c)(2).

24. At all times relevant, Defendants conducted business within the County of San Diego, the State of California.

## PARTIES

25. Plaintiff Dawn Zoerb is a natural person who resides in the City of Vallejo, County of Solano, State of California.

26. Plaintiff Andrew Toney is a natural person who resides in the City of Los Angeles, County of Los Angeles, State of California.

27. Plaintiff Laurie Alderman is a natural person who resides in the City of Solano, County of Solano, State of California.

28. Plaintiff Lora Mayhugh is a natural person who resides in the City of San Diego, County of San Diego, State of California.

29. Plaintiff Charlene Baxter is a natural person who resides in the City of Hesperia, County of San Bernardino, State of California.

30. Plaintiff Robin Goret is a natural person who resides in the City of San Diego, State of California.

31. Plaintiffs Juel Benoit and Janice Benoit are natural persons who resides in the City of Menifee, County of Riverside, State of California.

32. Plaintiffs Madeline Montry and Rebecca Burlingame are natural persons who resides in the City of Running Sprins, County of San Bernardino, State of California.

33. Plaintiff Sandi Parra is a natural person who resides in the City of Los Angeles, County of Los Angeles, State of California.

34. Plaintiffs Reynaldo Raquel and Lisa Alward are natural persons who reside in the City of Fairfield, County of Solano, State of California.

35. National Collegiate is located in the City of Wilmington, Delaware.

36. Patenaude is located in the City of San Diego, in the State of California.

37. Plaintiffs are obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

38. Defendants are entities whom use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

39. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

40. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

41. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

42. Sometime before June 28, 2013, Plaintiffs are each alleged to have incurred certain financial obligations related to their student loans.

43. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

44. These alleged obligations were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to

another person and are therefore each a "debt" as that term is defined by California Civil Code §1788.2(d), and each a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

45. Plaintiffs currently take no position as to the validity of their alleged debts.

46. Sometime thereafter, but before June 28, 2013, Plaintiffs each allegedly fell behind in the payments allegedly owed on their alleged debts. Plaintiffs currently take no position as to the validity of their alleged debts.

47. Subsequently, but before June 28, 2013, the alleged debts were assigned, placed, or otherwise transferred to Defendants for collection.

*Facts Related to Plaintiff Dawn Zoerb*

48. On or about June 28, 2013, Patenuade, acting on behalf of National Collegiate, filed a state collections lawsuit against Plaintiff, Dawn Zoerb, in the Superior Court of California, County of Solano, Case No. FCS041921.

*Facts Related to Plaintiff Charlene Baxter*

49. On or about June 28, 2013, Patenuade, acting on behalf of National Collegiate, filed a state collections lawsuit against Plaintiff, Charlene Baxter in the Superior Court of California, County of San Bernardino, Case No. CIVDS1309074.

*Facts Related to Plaintiff Lora Mayhugh*

50. On or about July 26, 2013, Patenuade, acting on behalf of National Collegiate, filed a state collections lawsuit against Plaintiff, Lora Mayhugh in the Superior Court of California, County of San Diego, Case No. 37-2013-00059801-CU-CL-CTL.

*Facts Related to Plaintiff Madeline Montry*

51. On or about August 8, 2013, Patenuade, acting on behalf of National Collegiate, filed a state collections lawsuit against Plaintiffs, Madeline Montry and Rebecca Burlingame in the Superior Court of California, County of San Bernardino, Case No. CIVDS1309413.

*Facts Related to Plaintiff Sandi Parra*

52. On or about August 27, 2013, Patenuade, acting on behalf of National Collegiate, filed a state collections lawsuit against Plaintiff, Sandi Parra in the Superior Court of California, County of San Bernardino, Case No. CIVDS1310284.

*Facts Related to Plaintiff Andrew Toney*

53. On or about August 14, 2013, Patenuade, acting on behalf of National Collegiate, filed a state collections lawsuit against Plaintiff, Andrew Toney in the Superior Court of California, County of Los Angeles, Case No. 13A16349.

*Facts Related to Plaintiff Laurie Alderman*

54. On or about September 11, 2013, Patenuade, acting on behalf of National Collegiate, filed a state collections lawsuit against Plaintiff, Laurie Alderman in the Superior Court of California, County of Solano, Case No. MVV229937.

*Facts Related to Plaintiffs Reynaldo Raquel and Lisa Alward*

55. On or about November 8, 2013, Patenuade, acting on behalf of National Collegiate, filed a state collections lawsuit against Plaintiffs, Reynaldo Raquel and Lisa Alward, in the Superior Court of California, County of Solano, Case No. FCS042630.

*Facts Related to Plaintiff Robin Goret*

56. On or about January 7, 2014, Patenuade, acting on behalf of National Collegiate, filed two state collections lawsuit against Plaintiff, Robin Goret in the Superior Court of California, County of San Diego, Case Nos. 37-2014-82554-CL-CL-NC and 37-2014-82503-CL-CL-CTL.

57. On or about January 7, 2014, Patenuade, acting on behalf of National Collegiate, filed a state collections lawsuit against Plaintiff, Robin Goret in

the Superior Court of California, County of San Diego, Case No. 37-2014-82532-CL-Cl-NC.

*Facts Related to Plaintiffs Juel Benoit and Janice Benoit*

58. On or about January 27, 2014, Patenuade, acting on behalf of National Collegiate, filed a state collections lawsuit against Plaintiffs, Juel Benoit and Janice Benoit in the Superior Court of California, County of Riverside, Case No. MCC1400112.

*Defendants' Alleged Violations As They Relate to All Named Plaintiffs*

59. Defendants' complaints all state identically in part, "Defendant(s) entered into a written contract with Plaintiff, whereby Plaintiff loaned money to Defendant(s) for the financing of Education expenses. Plaintiff is the assignee for consideration of this contract. The terms an conditions under which Defendant(s) agreed to repay Plaintiff for the monies loaned are set forth in a written contract and/or loan agreement between the parties. Defendant(s) indicated his/her/their consent to be bound by these terms either by an authorizing signature on the agreement or by "Defendant(s) taking possession of an using the monies provided by Plaintiff."

60. Despite Defendants' assertions in these complaints filed from June 28, 2013 through January 27, 2014, Plaintiffs did not enter into written contracts with National Collegiate.

61. Plaintiffs had no prior dealing with Defendant National Collegiate and had no idea who National Collegiate was when served with a copies of the summons and complaints.

62. Defendants' statements in these state court complaints are confusing as they initially claim each Plaintiff entered into a contract with National Collegiate, and then the very next line claim to be the assignee of the same contract.


the Superior Court of California, County of San Diego, Case No. 37-2014-82532-CL-Cl-NC.

*Facts Related to Plaintiffs Juel Benoit and Janice Benoit*

58. On or about January 27, 2014, Patenuade, acting on behalf of National Collegiate, filed a state collections lawsuit against Plaintiffs, Juel Benoit and Janice Benoit in the Superior Court of California, County of Riverside, Case No. MCC1400112.

*Defendants' Alleged Violations As They Relate to All Named Plaintiffs*

59. Defendants' complaints all state identically in part, "Defendant(s) entered into a written contract with Plaintiff, whereby Plaintiff loaned money to Defendant(s) for the financing of Education expenses. Plaintiff is the assignee for consideration of this contract. The terms an conditions under which Defendant(s) agreed to repay Plaintiff for the monies loaned are set forth in a written contract and/or loan agreement between the parties. Defendant(s) indicated his/her/their consent to be bound by these terms either by an authorizing signature on the agreement or by "Defendant(s) taking possession of an using the monies provided by Plaintiff."

60. Despite Defendants' assertions in these complaints filed from June 28, 2013 through January 27, 2014, Plaintiffs did not enter into written contracts with National Collegiate.

61. Plaintiffs had no prior dealing with Defendant National Collegiate and had no idea who National Collegiate was when served with a copies of the summons and complaints.

62. Defendants' statements in these state court complaints are confusing as they initially claim each Plaintiff entered into a contract with National Collegiate, and then the very next line claim to be the assignee of the same contract.

63. Defendants' failure to identify the original creditor, is both deceptive and material under the least sophisticated standard and constitutes a violation of 15 U.S.C. § 1692e.

64. Through this conduct, Defendants' used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

65. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

## CLASS ACTION ALLEGATIONS

66. Plaintiffs bring this action on thier own behalf, and on behalf of all others similarly situated.

67. This action pleads the following class action allegations:

A) Plaintiffs define the Class 1 as:
   (i) all persons with addresses within the state of California;
   (ii) whom a collection lawsuit was filed against by Defendant in the Superior Court of California which was similar or identical to Plaintiff Dawn Zoerb's Exhibit 1;
   (iii) to recover a consumer debt;
   (iv) in which this complaint failed to provide the Defendant of the original creditor's name in violation of Cal. Civ. Code § 1788.17;

B) Plaintiffs define Class 2 as:
   (i) all persons with addresses within California;
   (ii) who were sent any communication which was similar or identical to Plaintiff's Exhibit 1;

         (iii)    to recover a consumer debt;

         (iv)    in which this complaint failed to provide the Defendant of the original creditor's name as required by 15 U.S.C. § 1692e.

68. For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of this Complaint.

69. For the purposes hereinafter, Class 1 and Class 2 are referred to jointly as "the Classes."

70. For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of this Complaint.

71. For purposes of the Second Claim for Relief, the Rosenthal Act Claim, the class period is one year prior to the filing of this Complaint.

72. The Classes are composed of thousands of persons, the joinder of which would be impractical. The individual identities of the individual members are ascertainable through Defendants' records or by public notice.

73. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    A.    Whether Defendants violated the FDCPA;

    B.    Whether Defendants violated the Rosenthal Act;

    C.    Whether members of the Classes are entitled to the remedies under the FDCPA;

    D.    Whether members of the Classes are entitled to the remedies California's Rosenthal Act;

    E.    Whether members of the Classes are entitled to declaratory relief;

    F.    Whether members of the Classes are entitled to injunctive relief;

    G.    Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

HYDE & SWIGART
San Diego, California

     H.    Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the California's Rosenthal Act ; and

     I.    Whether the Classes are entitled to any other remedies.

74. Plaintiffs will fairly and adequately protect the interests of the Classes.

75. Plaintiffs has retained counsel experienced in handling class claims as well as claims involving unlawful collection practices.

76. Plaintiffs' claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

77. A class action is a superior method for the fair and efficient adjudication of this controversy.

78. Class-wide damages are essential to induce Defendants to comply with Federal and State Law.

79. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00, and an additional $1,000.00 under the Rosenthal Act.  Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

80. Defendants have acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

81. Plaintiffs request certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

# COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

82. Plaintiffs repeats, re-alleges, and incorporates by reference, all other paragraphs.

83. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

84. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

# COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

## CAL. CIV. CODE §§ 1788-1788.32

85. Plaintiffs repeats, re-alleges, and incorporates by reference, all other paragraphs.

86. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

87. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

///

///

**PRAYER FOR RELIEF**

88. WHEREFORE, Plaintiffs prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

89. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: December 5, 2014

By: s/Joshua B. Swigart
Joshua B. Swigart
Attorneys for Plaintiff