# PLAINTIFF'S EXHIBIT 1

## Class Action Settlement Agreement

_____

*In The Case Of*

***Dawn Zoerb, Individually and On Behalf of All Others Similarly Situated***
***v.***
***National Collegiate Student Loan Trust 2006-3, A Delaware Statutory Trust(s); and, Law Offices of Patenaude & Felix, A.P.C.***

***3:14-cv-00468-BAS-KSC***

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dawn Zoerb, Individually and On Behalf of Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>National Collegiate Student Loan Trust 2006-3, A Delaware Statutory Trust(s); and, Law Offices of Patenaude & Felix, A.P.C.<br><br>　　　　　　Defendant. | Case No.  14-CV-0468 BAS KSC<br><br>AMENDED CLASS ACTION SETTLEMENT AGREEMENT |

　　　This Amended Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), dated September 30, 2016, is entered into between the Plaintiffs and Class Representatives from the consolidated cases ("Lawsuits")[1],

---

[1] Including the lead case *Zoerb*, there are 11 consolidated class actions, all of which the Parties stipulated to consolidate. All 11 of the class actions have been transferred and assigned to the Honorable Cynthia Bashant. In addition to *Zoerb*, the other 10 class actions are: *Sandi Parra, Reynaldo Raquel, and Lisa Alward,* Case No. 14-00475 (S.D. Cal.); *Madeline Montry and Rebecca Burlingame,* Case No. 14-00519 (S.D. Cal.); *Joel and Janice Benoit,* Case No. 14-00522 (S.D. Cal.); *Robin Goret,* Case No. 14-00807 (S.D. Cal.); *Robin Goret,* Case No. 14-00809 (S.D. Cal.); *Charlene Baxter,* Case No.14-01049 (S.D. Cal.); *Lora Mayhugh,* Case No.

individually and on behalf of all Class Members (as defined below), and defendants National Collegiate Master Student Loan Trust I; National Collegiate Student Loan Trust 2003-1; National Collegiate Student Loan Trust 2004-1; National Collegiate Student Loan Trust 2004-2; National Collegiate Student Loan Trust 2005-1; National Collegiate Student Loan Trust 2005-2; National Collegiate Student Loan Trust 2005-3; National Collegiate Student Loan Trust 2006-1; National Collegiate Student Loan Trust 2006-2; National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2006-4; National Collegiate Student Loan Trust 2007-1; National Collegiate Student Loan Trust 2007-2; National Collegiate Student Loan Trust 2007-3; National Collegiate Student Loan Trust 2007-4 ("Trust Defendants"), and the Law Offices of Patenaude & Felix, A.P.C. ("P&F").  This Agreement is intended by Trust Defendants, P&F (collectively, "Defendants"), and all Plaintiffs for themselves and on behalf all Class Members ("Parties"), to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below), upon and subject to the terms and conditions contained herein.

## WITNESSETH:

WHEREAS, the Parties agree upon the following predicate procedural history and facts:

I.  Between November 9, 2010, and February 13, 2014, P&F filed certain collection complaints, throughout the state courts of California, Nevada, Oregon, and Washington which allegedly did not properly set forth the identity of the original student loan creditor.  The Parties agree that the recovery period/class period will extend from November 1, 2010 through April 1, 2014, as described below.

---

14-01208 (S.D. Cal.); *Laurie Alderman,* Case No.14-01210 (S.D. Cal.); *Andrew Toney,* Case No. 14-01321 (S.D. Cal.), and *Tricia Benavente,* Case No. 14-01992 (D. Nev.).

II. The Parties participated in Mediation with the Hon. Herbert B. Hoffman, Ret., on August 22, 2014. As a result of the Mediation and subsequent in-person and telephonic settlement conferences between the Parties, presided over by the Special Master, and based upon the representations made therein, the Parties agree to this settlement set forth below. This settlement was carried out through arms-length negotiations. The purpose of this Agreement is to memorialize the final and complete settlement reached between the Parties.

III. The Parties believe that settlement by way of this Agreement is in their respective best interest. Counsel for the Class Members believe, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement to the Class Members, that the class settlement as provided in this Agreement is in the best interest of the Class Members and is a fair, reasonable, and adequate resolution of the Lawsuits.

IV. Pursuant to this Agreement, the Parties desire and intend to settle and resolve the "Released Claims" (as defined below) as to the "Released Parties" (as defined below) on a class basis.

V. Pursuant to this Agreement, the Parties desire and intend to seek certification of a Fed. R. Civ. P. 23(b)(3) settlement class, composed of approximately 6,677 natural persons who meet the following criteria:

> California, Nevada, Oregon, and Washington residents who have an alleged delinquent student loan account with Trust Defendants and who were sued by P&F through a state court collections action in which P&F allegedly failed to properly disclose the identity of the original creditor. Included in the class are those persons who have pending litigation as described above, or have had the lawsuit reduced to a judgment. The class period is November 1, 2010, through April 1, 2014. Excluded from the class will be any student loan borrower who

has resolved his or her account with Trust Defendants. As stated above, the named Plaintiffs in this action, including Sandi Parra, Reynaldo Raquel, Lisa Alward, Madeline Montry, Rebecca Burlingame, Joel Benoit, Janice Benoit, Robin Goret, Charlene Baxter, Lora Mayhugh, Laurie Alderman, Andrew Toney and Tricia Benavente are included in the class, even if they have resolved their account with Trust Defendants.

VI. The Parties desire and intend to seek court approval of the settlement of the Lawsuits as set forth in this Agreement and, upon court approval, to seek a Final Order and Judgment from the Court dismissing with prejudice the claims of the Class Members as set forth herein. The Parties and their counsel agree to recommend approval of this Agreement to the Court and to any regulatory authority responding to the proposed settlement pursuant to the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), 28 U.S.C. § 1715. The Parties also agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, to oppose any objections to the proposed settlement, including objections by any regulatory authority, and to oppose any appeals from any orders of final approval.

WHEREFORE, in consideration of the promises, representations, and warranties set forth, the Parties stipulate and agree:

1. DEFINITIONS – The following definitions shall apply to this Agreement:

   A. "Class Members" shall mean all natural persons residing in the states of California, Nevada, Oregon, and Washington who meet the following criteria:

   i. he or she is a named defendant in a state court collections complaint filed by P&F on behalf of one of Trust Defendants, as Plaintiff;

Class Action Settlement Agreement

4

   ii. the above-referenced state court complaints were filed by P&F on or after November 1, 2010, but on or before April 1, 2014, including complaints which may have already been dismissed, are still pending, or may have already been reduced to judgment; and

   iii. he or she has not already resolved his or her student loan account with one of the Trust Defendants.

  B. "Effective Date" shall mean the first date after "Final Judgment Day" (as defined below).

  C. "Final Judgment Day" shall mean the day upon which the Final Order and Judgment becomes "Final." The Final Order and Judgment shall become "Final" upon the expiration of any available appeal period following entry of the Final Order and Judgment. If any appeal is filed from the Final Order and Judgment, then Final Judgment Day shall be the first date after the conclusion of all appeals, so long as the Final Order and Judgment is not reversed or vacated.

  D. "Released Claims" shall mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), and also including all "Unknown Claims" (as defined below) which Plaintiff or a Class Member has against "Released Parties" (as defined below) arising out of, based upon, or in any way relating to the class claims asserted in the Lawsuits, including, but not limited to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 *et seq.*

("RFDCPA"), and the Washington Collection Agency Act, RCW 19.16.100 *et seq.* ("WCAA"), and any other class claim arising out of the content of P&F's state court collection complaints.  As of the Effective Date, each Class Member releases any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees, whether on an individual basis, or as a class, against Defendants pertaining to the allegations asserted in the Lawsuits arising under the FDCPA, RFDCPA, or WCAA for alleged violations arising during the Class Period.

  E. "Unknown Claims" shall mean any and all claims that Plaintiff or any Class Member does not know or even suspect to exist against any of the Released Parties, which, if known, might have affected his or her decision regarding the settlement of this Lawsuit.  Plaintiffs further acknowledge, and the Class Members shall be deemed to acknowledge, that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions or conduct occurring on or before the date of this Agreement, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

  F. "Released Parties" shall mean P&F, Trust Defendants, and each of their past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients,

joint ventures, and any entities directly or indirectly involved in the Lawsuits, and all of their subsidiary entities.

2. <u>CLASS CERTIFICATION</u> – Concurrent with seeking preliminary approval of the settlement, counsel for the Parties shall jointly seek certification, pursuant to Fed. R. Civ. P. 23(b)(3), of a class as defined above in ¶ 1(A).

3. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – For settlement purposes, and subject to Court approval, the named Plaintiffs are appointed as the Class Representative for the Class Members and attorneys Abbas Kazerounian of the Kazerounian Law Group, APC, and Joshua Swigart of Hyde & Swigart, are appointed as counsel for the Class Members (hereinafter referred to as "Class Counsel").

4. <u>ORDER OF PRELIMINARY APPROVAL</u> – Within 20 business days after this Agreement is fully executed; counsel for the Parties shall jointly request that the Court enter an Order of Preliminary Approval of Class Action Settlement.

5. <u>FINAL ORDER AND JUDGMENT</u> – If the settlement is approved preliminarily by the Court and all other conditions precedent to the Agreement have been satisfied, counsel for the Parties shall jointly request that the Court enter a Final Order and Judgment.

6. Upon entry of the Final Order and Judgment, the Parties expressly waive any and all rights to appeal any orders issued by the Court in connection with the Lawsuits.

7. Plaintiffs and Class Counsel agree that the execution of this Agreement, or any related documents, the certification of the class, and any other act taken or court paper filed in furtherance of this Agreement shall not be used to urge that a "litigation class" pursuant to Fed. R. Civ. P. 23 is appropriate in this case. In the event this settlement is not approved, Trust Defendants and P&F

retain any and all rights to object to the maintenance of this action, or any other action, as a class action and to contest this action, or any other action, on any other grounds.

8. <u>REQUESTS FOR EXCLUSION AND OBJECTIONS</u> – In compliance with Fed. R. Civ. P. 23(b)(3), the Class Members will be permitted to exclude themselves from the class.

9. The Parties agree, as a part of this Agreement and for the administration of the Class, to retain the services of a third party administrator whose fees and expenses will be paid as Class Counsel's costs as set forth below. The duties of the third party administrator include, but are not limited to: serving notice to the Class Members of the class action settlement and their rights to either object, and/or opt-out, creating and maintaining a website and 800 number for informational purposes, process any objections and opt outs, and support the final approval process.

10. Any Class Member who intends to opt-out must file a written opt-out request within 49 days (7 weeks) after receiving Notice of the Court's Order Granting Preliminary Approval of Class Action Settlement.

11. Any Class Member who desires to object to the fairness of this settlement must file a written objection with the Court within 49 days (7 weeks) after receiving Notice of the Court's Order Granting Preliminary Approval of Class Action Settlement. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for Trust Defendants and P&F at the following addresses:

Class Counsel:
    Abbas Kazerounian, Esq.
    Kazerouni Law Group, APC
    245 Fischer Avenue, Suite D1
    Costa Mesa, CA 92626

Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108

Counsel for Trust Defendants:
Damian P. Richard, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426

Counsel for P&F:
Jeffrey W. Speights, Esq.
Patenaude & Felix, APC
4545 Murphy Canyon Road, 3rd Fl.
San Diego, CA 92123

Mary Pendleton, Esq.
Ford, Walker, Haggerty & Behar, LLP
501 West Broadway, Suite 2060
San Diego, CA 92101

The Parties agree on the following timeline:

| Event | Timing (Total Days / Weeks) |
|---|---|
| Order Granting Preliminary Approval | 0 |
| Data to Claims Administrator | +14 (14 Days / 2 Weeks) |
| Notice of Settlement to Consumers | +14 (28 Days / 4 Weeks) |
| Plaintiff's Fee Application Due | +14 (42 Days / 6 Weeks) |
| Opportunity to Opt-Out and/or Objection Deadline | +35 (77 Days / 11 Weeks) |
| Response to Class Member Objections | +14 (91 Days / 13 Weeks) |
| Final Approval Brief | +7 (98 Days / 14 Weeks) |

| Final Approval | +28 (126 Days / 18 Weeks) |
|---|---|

12.   In the request to Opt-Out, the Class Member must set forth his or her full name, address, and telephone number.

13.   In the written objection, the Class Member must set forth his or her full name, address, and telephone number, along with a statement of the reasons for his or her objection and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.

14.   Any Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise. To be valid, the objection must: (i) attach documents establishing, or provide information sufficient to allow the parties to confirm, that the objector is a Settlement Class Member, including but not limited to the objector's full name and address; (ii) include a statement of the specific objections; (iii) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider; (iv) whether the objector intends to appear at the Final Approval Hearing on his or her own behalf or through counsel; and (v) disclose every prior objection to any class action settlement ever made by the objector including the case name, case number, and disposition of the prior objection(s).

15.   CONFIRMATORY DISCOVERY – Parties agree that the Plaintiffs will be entitled to limited confirmatory discovery surrounding topics including, the method of calculation of class size and obtaining the data reflecting the approximately 6,677 class members.

16.   INQUIRIES FROM CLASS MEMBERS – When responding to any inquiry from a Class Member, Plaintiffs' and Class Counsel will confirm that they believe the settlement is fair and reasonable.

17. <u>FAIRNESS HEARING</u> – Subject to approval by the Court, and as set forth above, a fairness hearing will be conducted regarding the settlement within 180 days from the Court's entry of the Order Granting Preliminary Approval of the Class Action Settlement.

18. <u>THE EFFECTIVE DATE</u> – As defined in ¶ 1(B), the "Effective Date" shall be the first date after Final Judgment Day.

19. <u>RELEASES</u> – As of the Effective Date, Plaintiffs and the Class Members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims, and are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever as either an individual lawsuit or a class action. Further, this Agreement is not intended to create any new rights, or expand any existing rights, that any Class Member may have against any Released Party under any state or federal law. For example, this Agreement does not toll or restart the statute of limitations for any claim that any Class Member may have against Defendants under any state or federal law.

20. <u>RELEASED CLAIMS</u> – Upon execution of this Agreement, Plaintiffs and Class Members fully, finally, and forever settle, release, and discharge the Released Parties from any and all Released Claims as defined above, including but not limited to claims relating to the naming of the original student loan creditor in the above-referenced state court collection complaints filed by P&F on behalf of Trust Defendants, including, but not limited to, the above-referenced claims under the FDCPA, RFDCPA, and WCAA.

21. Subject to the limitations set forth herein regarding the scope of the release, the provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and approved by a court are hereby expressly,

knowingly, and voluntarily waived by the Parties. In particular, Plaintiffs expressly waive, and the Class Members shall be deemed to have waived, any and all rights or benefits they may now have, or in the future may have, under section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

22. <u>SETTLEMENT CONSIDERATION</u> – In consideration for the foregoing releases, the Parties agree to the following:

    A. <u>Stipulated Injunction</u> – When seeking entry of the Final Order and Judgment, the Parties will jointly request that a Stipulation and Order for Injunction be entered by the Court.

    B. <u>Permanent Tradeline Deletion</u> – Pursuant to the Stipulated Injunction, Trust Defendants will request that the following national Credit Reporting Agencies to delete any reporting of the trade lines associated with the student loan accounts which are the subject of the Lawsuits: Trans Union, Experian, and/or Equifax ("CRA"). By removal of the negative tradeline, Class Members may enjoy an increase in credit score and a greater ability to obtain credit at a lower cost.

        i. Plaintiffs agree, and Class Members are deemed to agree, that Trust Defendant's sole obligation shall be to make the request to suppress reporting of the trade lines associated with the student loan accounts. Plaintiffs agree, and Class Members are deemed to agree, that the Credit Bureaus are separate entities from Trust Defendants. Accordingly, Plaintiffs agree, and Class Members are deemed to agree, that Trust Defendants cannot guarantee, warrant, or take responsibility for the performance of any CRA with respect to

changing, deleting, suppressing, or making entries regarding any credit information or other information regarding the accounts. Plaintiffs agree, and Class Members are deemed to agree, that they understand the limitations of Trust Defendants in this regard, and that any action, inaction, omission or error by a CRA shall not be attributable to Trust Defendants and shall not constitute a breach of this Agreement.

          ii.    Plaintiffs acknowledge, and Class Members are deemed to acknowledge, that the CRA processes for acting on Trust Defendants' request may take up to 120 days to be completed, and that Trust Defendants shall not have any obligation to follow up with the CRA to insure deletion of any trade line.

    C.    <u>Consideration</u> – The parties acknowledge and agree that the request for deletion of the credit reporting is a material and significant benefit to consumers. The reporting of debts to the CRA is a powerful tool used by debt collectors, and reporting those debts to the CRA has an adverse impact on the consumer as it could damage the consumer's credit rating and ability to obtain credit. *Moscona v. California Business Bureau, Inc.*, 2011 WL 5055522 (S.D. Cal. 2011). By removal of the negative tradeline, Class Members may enjoy an increase in credit score and a greater ability to obtain credit.

    23.    <u>COVENANT NOT TO SUE</u> – Plaintiffs agree and covenant, and each Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

    24.    <u>TERMINATION</u> – After completing a good faith negotiation, Class Counsel, P&F, and Trust Defendants, shall each have the right to terminate this Agreement by providing written notice to the other within 7 days of:

    A.    The Court's refusal to enter an Order of Preliminary Approval

of Class Action Settlement.

    B.    The Court's refusal to approve the settlement following the fairness hearing;

    C.    The Court's refusal to enter a Final Order and Judgment.

    D.    The Court's refusal to enter the Stipulated Injunction.

25.    If either Class Counsel, P&F, or Trust Defendants terminate this Agreement as provided herein, the Agreement shall be of no force or effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

26.    <u>ATTORNEYS' FEES, COSTS, AND EXPENSES</u> – Notwithstanding the provisions contained in ¶ 1(D), Class Counsel will receive $125,000.00 for attorneys' fees, and up to $7,500 in costs, and expenses to be paid by P&F, subject to court approval. Class Counsel will not request additional fees, costs, or expenses from P&F, Trust Defendants, or the Class Members. P&F and Trust Defendants will not oppose or cause to be opposed any application for the total attorneys' fees in an amount not to exceed $125,000.00 plus up to $7,500 in costs and expenses. Class Counsel will file a petition prior to the final approval hearing in support of the application for attorneys' fees, costs, and expenses. P&F or its insurer shall pay the attorneys' fees, costs, and expenses awarded by the Court within 15 days after the Court's order related to such fees, costs, and expenses becomes final (*i.e.*, non-appealable).

27.    <u>COSTS OF ADMINISTRIATION:</u> Costs of administration and will be paid by P&F with a maximum cost of $7,500.00. Class Counsel will choose the claims administrator, but will work with P&F to minimize the amount spent, with keeping in mind due process requirements.

28.    Trust Defendants shall be responsible for timely compliance with all CAFA notice requirements including sending out the CAFA notice within ten (10)

days after Plaintiff files the Joint Motion for Preliminary Approval.

29.  Upon payment of attorneys' fees, costs, and expenses to Class Counsel, neither Trust Defendants, P&F, nor their insurers shall have any further obligation with respect to Class Counsel's fees, costs, or expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiffs or any Class Member.

30.  The Parties and their counsel represent and agree that the consideration to be provided to the Class Members is not contingent on the attorneys' fees to be awarded.  The procedure for and the allowance or disallowance by the Court of any application by any Class Counsel or other attorney for attorneys' fees, costs, or expenses, including the fees of experts and consultants, to be paid by P&F or its insurer, are not part of the settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceedings relating to the fee, cost, and expense application, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Order and Judgment approving this Agreement and the settlement of the Lawsuit.

31.  <u>APPOINTMENT OF SPECIAL MASTER</u> – The Parties agree to the appointment of the Honorable Herbert B. Hoffman (Ret.) as Special Master for purposes of settlement, preparing a report and recommendation for preliminary and final approval (if desired by the Court), dealing with potential objectors and related discovery and any other issues that may arise. P&F, or its insurer, agrees to pay all fees and costs related to the appointment and work conducted by the Special Master, not to exceed $10,000.

32.  <u>PUBLICITY</u> – The Parties and their counsel agree that they will not

discuss the facts of the Lawsuit or terms of this Agreement with any media source, unless such information is contained in the public record of this case. Further, this limitation does not apply to any disclosures required by court order, or in conjunction with perfecting this settlement.

33. <u>MISCELLANEOUS PROVISIONS</u> – Any exhibits to this Agreement are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

34. This Agreement is for settlement purposes only. The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by P&F or Trust Defendants. This Agreement shall not be offered or be admissible against P&F or Trust Defendants, or cited or referred to, in any action or proceeding, except in an action or proceeding brought to enforce its terms.

35. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

36. This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties. The terms of this Agreement are contractual.

37. This Agreement shall be interpreted in accordance with California law.

38. Any dispute, challenge, or question relating to this Agreement shall be heard only by this Court.

39. The Parties shall request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, including Plaintiffs and all Class Members, and over the administration and enforcement of this Agreement.

40. This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

41. In the event that any of the provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if against P&F, Trust Defendants, or Class Counsel mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

42. This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

43. This Agreement may be signed in counterparts (including facsimile or portable document format (pdf)) each of which will be deemed an original and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

44. This Agreement may not be amended, modified, altered or otherwise changed in any manner except by a writing signed by a duly authorized agent of P&F, Trust Defendants, and Class Counsel, and approved by the Court.

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed as of the dates set forth below.

Dated:  November 7 ,2016          Hyde & Swigart

                                   By:   /s/ Joshua Swigart
                                   JOSHUA SWIGART, ESQ.
                                   Class Counsel

| | | |
|---|---|---|
| Dated: November 7 ,2016 | | Kazerounian Law Group, APC |
| | By: | */s/ Abbas Kazerounian* |
| | | ABBAS KAZEROUNIAN, ESQ. |
| | | Class Counsel |
| Dated: November 7 ,2016 | | Law Offices of Patenaude & Felix, A.P.C. |
| | By: | */s/ Jeffrey W. Speights* |
| | | JEFFREY W. SPEIGHTS, ESQ. |
| | | Attorneys for P&F |
| Dated: November 7 ,2016 | | Ford, Walker, Haggerty & Behar, LLP |
| | By: | */s/ Mary Pendleton* |
| | | MARY PENDLETON, ESQ. |
| | | Attorneys for P&F |
| Dated: November 7 ,2016 | | Sessions, Fishman, Nathan & Israel, LLP |
| | By: | */s/ Damian P. Richard* |
| | | DAMIAN P. RICHARD, ESQ. |
| | | Attorneys for Trust Defendants |